LEE, J.,
for the court.
¶ 1. The Circuit Court of Marshall County denied Barry and Renee Huey’s motion for new trial which was based on an allegation of newly discovered evidence and denied C.E. and Darene Goode’s joinder to the motion. The motions were filed after a jury found for the defendant, Synergy Corporation (Synergy), on a claim of property damage on behalf of the Goodes and a wrongful death claim on behalf of the Hueys. These claims arose from a fire which consumed the Goodes’ home and took the life of their granddaughter and the Hueys’ daughter, Brittany Huey. The Goodes and Hueys appeal asserting that the trial judge abused his discretion because the newly discovered evidence was not obtainable, was material, and would probably produce a different result. Finding error, we reverse and remand for a new trial.
FACTS
¶ 2. On August 27, 1998, a fire destroyed the home of the Goodes and took the life of Brittany Huey, their granddaughter. In the Goodes’ and Hueys’ claim against Synergy, their supplier of propane gas, they filed actions for negligence, strict liability, misrepresentation, and breach of warranty. The Goodes and Hueys alleged that Mrs. Goode smelled gas several months prior to the date of the fire and that after having informed a representative of Syner *663 gy, the representative assured her that the smell of gas would sometimes emanate from the main propane tank as the gas level decreased. The Goodes and the Hueys further alleged that the Goodes relied upon the representations of Synergy’s representative and continued to use the propane system. The Goodes and Hueys concluded that propane gas escaped from the propane fuel system and caused the fire within the home. In support of their assertion, the Goodes’ and Hueys’ experts contended that the fire was the result of natural gas leaking from the propane supply line or fitting. The experts asserted that the gas collected in the utility room and was eventually ignited by the pilot light of the water heater causing an explosion and fire.
¶ 3. Although there was no dispute that the fire was caused in some fashion by a propane gas water heater at the home, Synergy denied any liability and disputed the Goodes’ and Hueys’ experts’ theory on the exact cause of the fire. Synergy’s experts opposed the Goodes’ and Hueys’ assertion that the fire was caused by a gas leak with the contention that the fire was the result of a homemade “ventura” plate attached to the water heater which caused “incomplete combustion.” This incomplete combustion led to a flame roll-out which ignited combustible materials in the vicinity of the water heater, and then the fire ensued.
¶4. After the presentation of all evidence at trial, each party rested their case. Jury instructions were argued and presented to the jury, which deliberated and returned a verdict for the defendant, Synergy Corporation.
¶ 5. After the trial, the Goodes were approached by George Frayser, a former employee of Synergy. Frayser claimed that he did not become aware of the case until after the trial. Frayser informed the plaintiffs that he had manufactured and installed the plate on the water heater while in the course and scope of his employment with Synergy. His statements were embodied in a sworn affidavit.[1]
¶ 6. Based on this newly discovered evidence, the Hueys filed a motion for new trial on March 23, 2001, citing the sworn affidavit by George Frayser. The Goodes also filed their joinder to the Hueys’ motion for new trial on March 26, 2001. After hearing oral arguments, the circuit court denied the Hueys’ motion for new trial and the Goodes’ joinder entering an order commensurate with its ruling.
STANDARD OF REVIEW
¶ 7. Our scope of review is limited in this matter, we will reverse the grant or denial of a motion for new trial only upon the showing of an abuse of discretion by the trial judge. Maxwell v. Illinois Central Gulf R.R., 513 So.2d 901, 908 (Miss.1987).
I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION FOR NEW TRIAL.
¶ 8. A motion based upon newly discovered evidence may not be granted unless it can be shown that (1) the evidence was discovered following the trial; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (3) the evidence is material and not cumulative or impeaching; (4) the evidence is such that a new trial would probably produce a new result. Moore v. Jacobs, 752 So.2d 1013, 1017(¶ 18) (Miss.1999). In the present case, as stated above, the new evidence came in the form of a sworn affidavit by George Frayser. Frayser’s testimony was undisputedly dis *664 covered after trial, yet discovered in time for the Hueys and Goodes to move for a new trial under Mississippi Rule of Civil Procedure 59. In his sworn affidavit, Frayser stated that he was not aware of the ease until after the conclusion of the trial and that he had previously serviced the gas supply system inside the Goodes’ home. He also stated that he had manufactured the plate that attached to the ventura on the water heater, which controlled the air/gas mixture, and that he had installed it while he was acting in the scope and course of his employment with Synergy. He further stated that the Goodes never participated or oversaw his actions and that the Hueys were not present when he made these alterations.
¶ 9. The Hueys and the Goodes contend that the trial judge abused his discretion in denying the motion for new trial because this evidence was unknown to the plaintiffs at any time before or during trial, although evidence of this type was diligently sought through discovery. In addition, they contend that the newly discovered evidence was material to the issue of the fire’s cause, and would have required that the jury reach a different verdict had they had the opportunity to present it at trial. Claiming the contrary, Synergy asserts that the Goodes and Hueys failed to use “due diligence” in ascertaining the identity of George Frayser; the identity of George Frayser and the testimony provided by him is not material to the case; and the introduction of George Frayser’s testimony would not lead to a new result if the jury were allowed to hear it at trial.

a. Due Diligence

¶ 10. In determining whether the trial judge abused his discretion in denying the motion for new trial, we first look to see whether the Goodes and Hueys demonstrated that due diligence was used in their discovery. “A party asking for a new trial on the ground of newly discovered evidence must satisfy the [trial] court that the evidence has come to his knowledge since the trial and that it was not owing to a want of diligence on his part that it was not discovered sooner.” Sullivan v. Heal, 571 So.2d 278, 281 (Miss.1990). “Facts implying reasonable diligence must be provided by the movant.” N.L.R.B. v. Jacob E. Decker & Sons, 569 F.2d 357, 363-64 (5th Cir.1978).
¶ 11. As to the diligent discovery requirement, the Goodes and Hueys aver that Frayser’s identity and testimony were unavailable prior to trial. They further allege that they conducted a diligent search for anyone with knowledge regarding the lawsuit and that in discovery Synergy never informed them of Frayser.
¶ 12. Synergy claims that the Goodes’ and Hueys’ lack of due diligence in ascertaining the identity of Frayser and his information on the cause of fire is clearly demonstrated by their failure to investigate information that they possessed two years prior to trial regarding the cause of the fire. A plaintiff cannot fail to investigate important information and then attempt to assert that information as new evidence at the end of the trial. Diaz v. Methodist Hosp., 46 F.3d 492, 496 (5th Cir.1995). Synergy states that it provided the Goodes and Hueys with its theory of defense during discovery, that the attached homemade ventura plate caused the fire. Synergy also states that the Goodes’ and Hueys’ own expert stated that he was aware of the installed ventura plate, yet they decided to proceed under a different theory. Therefore, Synergy argues that the Goodes should have investigated and discovered the identity of the manufacturer and installer of the ventura plate. Thus, Synergy contends that the failure to investigate these known possibili *665 ties on the cause of the fire can hardly be deemed a “due diligent” investigation.
¶ 13. With the above arguments in mind, we look to the record to see whether the Goodes and Hueys were diligent during discovery. During the discovery phase of the litigation, the Goodes and Hueys propounded interrogatories to Synergy requesting information regarding “the product,” which was defined as that which caused the injury or damages as alleged in their complaint, as well as requesting information concerning persons associated with such product.
INTERROGATORY NO. 5: State the name, address and occupation of each and every person not heretofore mentioned having knowledge of any fact or matter relevant or material to this action.
In response, Synergy provided a list of twenty-two individuals, none of whom was George Frayser. Additionally, interrogatory number twenty-one read as follows:
INTERROGATORY NO. £1: Did the Defendant, at any time between the date of installation and the date of the accident, perform any maintenance, servicing, or cleaning? If the answer is in the affirmative, please state for each such occasion of maintenance, servicing, or cleaning:
a) The date;
b) The nature of the services performed;
c) The names, addresses, and relationships to the Defendant of the persons who performed the services;
d) The reason the services were performed;
e) The names, addresses, and relationships to the Defendant of the persons having custody or control of the originals or copies of records, reports, memoranda, receipts, work orders, or other written documents pertaining to the occasions.
RESPONSE: None other than those processes involving periodic filling of the propane tank.
Synergy did not list any other information in response to the question. The record shows that at no time before or during trial was Frayser ever identified as an employee of Synergy Corporation, much less, an employee who performed service on the gas system at the Goodes’ residence.
¶ 14. At the post-trial hearing, Synergy responded that it did not provide any information concerning Frayser because its records did not indicate that George Fray-ser would have any information regarding the plaintiffs water heater. In support of this assertion, Synergy presented post-trial affidavits of its personnel and a record of the Goodes’ account history. The billing records demonstrate that no service whatsoever had been provided to the Goodes other than filling their propane tank. The manager stated that any service work done to a Synergy Corporation’s gas system, such as the installation of the ventura plate, would have been billed. The Goodes’ billing records reflect that they were never charged any such type of service or repair fee during the entire time Synergy supplied propane to the Goodes. Therefore, since there is no record of such work, they had no information that Fray-ser worked on the Goodes’ home and, therefore, could not have produced his identity. Furthermore, as stated, Synergy argues that the plaintiffs were aware of their theory that the plate caused the fire; therefore, Synergy contends that the plaintiffs should have conducted a diligent search to ascertain the identity of Frayser.
¶ 15. However, the record reflects that the plaintiffs themselves had no knowledge of Frayser’s manufacturing and installing *666 of the homemade ventura plate, and consequently, had no knowledge of the presence of the plate until after the fire. Testifying at the hearing on the post-trial motion, Darene Goode testified that Frayser approached her after the trial and informed her that he had placed the plate on the water heater. Mrs. Goode further testified that neither she nor any members of her family were aware of the homemade plate on the heater before the fire. She also testified that it was not in a visible position to be noticed by the family. She also confirmed that no one in her family manufactured it or altered or was aware that a Synergy employee, Frayser, had attached the plate.
¶ 16. In addition, George Frayser testified to the same in his affidavit. Frayser testified as follows:
Neither C.E. “Bug” Goode, nor Darene Goode, participated or helped me make this plate. To the best of my recollection, neither C.E. “Bug” Goode, nor Darene Goode, oversaw my actions. I am positive that neither Barry, nor Renee Huey, were present at the Goode home when I made these alterations.
Therefore, although the Goodes and Hueys were made aware of Synergy’s defense as to the cause of the fire, they had no explanation of how the ventura plate came to be placed on the water heater.
¶ 17. We find that the plaintiffs used due diligence in attempting to ascertain the information. The evidence shows that the Goodes could not have discovered his identity earlier. The plaintiffs exercised due diligence in attempting to establish the identity of persons having knowledge of the facts or relevant information material to the action. Every person identified in discovery was deposed and no testimony regarding George Frayser was provided. The fact that George Frayser was an employee of Synergy and performed modifications on their water heater was unknown to them. Therefore, such information could only have come from Synergy, which denies having such information. Even if what Synergy claims is true, that they do not have a record of Frayser’s service at the Goodes’ home, then given the lack of knowledge by both parties, appellants were excusably ignorant of the fact that Frayser modified the water heater while in the employment of Synergy Corporation. Thus, the Goodes’ and Hueys’ efforts satisfy the requirements of due diligence.

b. Material Evidence

¶ 18. Synergy argues that the testimony of Frayser is immaterial to this action. In quoting Diaz, 46 F.3d at 496, Synergy asserts that the “trial judge was afforded the opportunity to gauge the credibility of these witnesses,” and that this Court should not “second guess the trial court.” Diaz involved a claim that two physicians had perjured themselves, and newly discovered evidence in the form of an affidavit from another physician disputed the witnesses’ testimony. The Fifth Circuit held it paramount to rely on the trial court’s discretion as to the credibility of the witnesses’ testimony at trial.
¶ 19. However, Diaz is distinguishable from the present case on this issue because Frayser never testified at trial as his existence was unknown at or before trial. There was no testimony as to the manufacturer of the homemade plate at trial. The trial court was never afforded the opportunity to consider Frayser’s testimony and judge the credibility for itself. Therefore, Synergy’s reliance upon Diaz on this point is misplaced.
¶ 20. Additionally, the testimony is not of an impeaching or cumulative nature as it deals with testimony never before of *667 fered to a jury. Frayser’s affidavit goes to the cause of the fire. It goes to prove that Synergy Corporation through its employee modified the water heater by installing a “homemade” ventura plate which Synergy attributes to causing the deadly fire. Therefore, we find that Frayser’s testimony is material and not merely impeachable or cumulative in nature.
c. New Result
¶21. In order to succeed on a motion for new trial based upon newly discovered evidence, “the evidence [must be] such that a new trial would probably produce a new result.” January v. Barnes, 621 So.2d 915, 920 (Miss.1992). This Court must examine the evidence and ask whether a jury, if allowed to hear the evidence, would probably find that George Frayser fashioned the ventura plate and installed it on the water heater as an employee of Synergy Corporation.
¶ 22. In presenting their motion for new trial, the Goodes and Hueys did not challenge the weight of the evidence, yet requested the trial court to allow the jury the opportunity to hear all of the evidence, in particular, the sworn testimony of Frayser admitting to the performance of actions which his employer attributes to the cause of the fire. Therefore, we find that if allowed to present their case, a new result would probably emerge as Frayser’s testimony links the cause of the fire to Synergy Corporation by virtue of the fact that he admits to being within the course and scope of his employment at the time of his actions.
¶ 23. In conclusion, we find that the trial judge abused his discretion because the plaintiffs have met their burden as to all the required elements: (1) the evidence was discovered following the trial; (2) due diligence was shown; (3) that Frayser’s testimony is material and not cumulative or impeaching; (4) and Frayser’s testimony is such that, if presented, a new trial would probably produce a new result. Moore, 752 So.2d at (¶ 18). Therefore, we reverse the order of the trial court denying the motion for new trial and remand for a new trial so this newly discovered evidence may be presented to the jury.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY IS REVERSED AND REMANDED FOR A NEW TRIAL CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, IRVING, MYERS AND CHANDLER, JJ„ CONCUR. GRIFFIS, J., DISSENTS WITH A SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J.

. See attached exhibit.