# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01431-SCT

*JAMES ALEXANDER*

*v.*

*TAMMY WOMACK, BETTY CATCHINGS,*
*MAELEANER BENSON, ELZIE MAE BERRY,*
*DENNIE TAYLOR, CURTIS RAY TAYLOR, DARRON*
*TAYLOR, DONNELL TAYLOR, JR. AND WILLIE*
*RAY TAYLOR*

### CONSOLIDATED WITH
### NO. 2002-CA-01437-SCT

*JAMES ALEXANDER*

*v.*

*WILLIE BOYCE DAVIS*

### CONSOLIDATED WITH
### NO. 2002-CA-01440-SCT

*JAMES ALEXANDER*

*v.*

*GEORGE HARRIS, JR., ET AL.*

DATE OF JUDGMENT:              7/22/2002
TRIAL JUDGE:                   HON. J. LARRY BUFFINGTON
COURT FROM WHICH APPEALED:     LAWRENCE COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:        PAT H. McCULLOUGH
ATTORNEY FOR APPELLEES:        MALCOLM T. ROGERS

NATURE OF THE CASE:                    CIVIL - REAL PROPERTY
DISPOSITION:                           AFFIRMED - 10/16/2003
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE McRAE, P.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1.     Aggrieved by chancery court judgments voiding the tax sales of three parcels of land,

the tax sale purchaser of all three parcels appeals contending that the landowners' suits to set

aside the sales were untimely and, alternatively, that the chancellor erred in setting aside the

sales because the chancery clerk and the sheriff failed to give the statutorily required notice

to the landowners.  Finding no reversible error, we affirm.

**FACTS AND PROCEEDINGS BELOW**

¶2.     This appeal deals with three separate lawsuits from the Chancery Court of Lawrence

County, involving three different tax deeds.  However, since these have similar facts involving

the same appellant, the same legal issues and the same attorneys, these cases have been

consolidated by this Court.

¶3.     Firstly, on August 21, 1990, a tax sale was conducted by the Lawrence County Tax

Collector (Tax Collector) for property delinquent in taxes for the year 1989.  The taxes had

been assessed against Willie Boyce Davis (Davis).  James Alexander (Alexander) purchased

the property at the tax sale.  The two-year statutory tax sale redemption period required to

redeem pursuant to Miss. Code Ann. § 27-45-3 (Rev. 2002) ran on August 21, 1992, without

the property being redeemed by Davis.  Alexander was issued a tax deed to the property on

April 13, 1999, and it was recorded in the land records on August 30, 1999.  On April 17,

2

2000, Davis filed suit in the Chancery Court of Lawrence County to set aside the tax deed. Davis alleged that he never received notice of the impending maturity or the expiration of the time for redemption of the property sold as required by Miss. Code Ann. §§ 27-43-1 & 27-43-3 (Rev. 2002).

¶4. Secondly, on August 20, 1992, a tax sale was conducted by the Tax Collector for delinquent property taxes for the year 1991. The property was held in estate status listed as the Elia Taylor Estate. Alexander purchased the property at the tax sale. The two-year redemption period expired on August 30, 1994. The heirs of the Taylor Estate had made redemption installment payments subsequent to the property's tax sale. However, the heirs did not make full payment to satisfy the redemption within the two-year period of time. Alexander was issued a tax deed to the property on April 27, 1999, and the tax deed was recorded on August 30, 1999. On April 17, 2000, the heirs of the estate filed suit in Lawrence County Chancery Court to set aside the tax deed alleging they did not receive notice of the expiration of the two-year redemption period.

¶5. Thirdly, on August 30, 1993, a tax sale was conducted by the Tax Collector for delinquent property taxes for the year 1992. Alexander purchased the property for the delinquent 1992 taxes assessed to Jack and Myrtis Harris Estate. The two-year redemption period expired on August 30, 1995. Alexander was issued a tax deed to the property on August 27, 1999, which was recorded on August 30, 1999. On April 13, 2000, the heirs of the Harris Estate filed suit in the Chancery Court of Lawrence County to set aside the tax deed. The heirs alleged that no one received notice of the impending expiration of the two-year redemption period.

¶6. In each of the three cases, Davis, the heirs of the Taylor Estate and the heirs of the Harris Estate, collectively known as the plaintiffs, filed motions for partial summary judgment contending that since the notice requirement contained in Miss. Code Ann. § 27-43-3 was not complied with, the tax deeds should be declared null and void and set aside.

¶7. On July 22, 2002, the trial court entered the same order in all three cases voiding the tax sales and tax deeds. The trial court awarded Alexander a refund of his money paid with statutory interest and reasonable attorney's fees.

¶8. Alexander now appeals to this Court raising the following issues:

I. **Whether the trial court erred in voiding the tax sales and the tax deeds issued to Alexander.**

    A. **Whether the trial court erred in voiding the tax sales and tax deeds as the three-year statute of limitations barred these actions.**

    B. **Whether the trial court erred in voiding the tax sales and tax deeds as the Plaintiffs' damages were the direct result of the State of Mississippi's breach of a contractual obligation and not the fault of Alexander.**

### DISCUSSION

### A. Statute of Limitations

¶9. On appeal, Alexander contends that the trial court erred in not applying the general three-year statute of limitations under Miss. Code Ann. § 15-1-49 (1) (Rev. 2003).

¶10. "This Court uses a de novo standard of review when passing on questions of law including statute of limitations issues." *Stephens v. Equitable Life Assur. Society of U.S.*, 850 So. 2d 78, 81 (Miss. 2003) (quoting *ABC Mfg. Corp. v. Doyle*, 749 So.2d 43, 45 (Miss. 1999)). Our residual statute of limitations, as set out in Miss. Code Ann. § 15-1-49, states that

4

"[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."

¶11.    Under Rule 8(c) of the Mississippi Rules of Civil Procedure, the statute of limitations is an affirmative defense which must be pled.  If a party intends to rely on one of the M.R.C.P. 8(c) defenses, he must affirmatively plead it.  ***Wholey v. Cal-Maine Foods, Inc.***, 530 So. 2d 136, 138 (Miss. 1988).  An affirmative defense is waived where it is neither pleaded nor tried by consent. ***Id.*** (citing ***Bell v. First Columbus Nat'l Bank***, 493 So.2d 964, 968 (Miss. 1986)).  *See also* ***Goode v. Village of Woodgreen Homeowners Ass'n***, 662 So. 2d 1064, 1077 (Miss. 1995).

¶12.    First, the learned chancellor in his order did not make any findings regarding the statute of limitations.  Even if the statute of limitations issue were properly before the Court, Alexander is likewise unable to refer this Court to any controlling precedent as to his position on the statute of limitations.  We have consistently held that "an argument unsupported by cited authority need not be considered by the Court."  ***Dowdle Butane Gas Co. v. Moore***, 831 So. 2d 1124, 1136 (Miss. 2002).  In addition, we have expressly held that "[i]t is the duty of an appellant to provide authority in support of an assignment of error."  ***Jones v. Howell***, 827 So. 2d 691, 702 (Miss. 2002).  Where an assertion of error is not supported by authority, that assertion is deemed abandoned.  ***Id.***  This Court is therefore procedurally barred from considering unsupported assertions on appeal.  ***Webb v. DeSoto County***, 843 So. 2d 682, 685 (Miss. 2003).

¶13.    Second, a review of the record in this consolidated case indicates that Alexander failed to raise the statute of limitations in his answers.  Moreover, Alexander did not raise this issue

in his responses to the plaintiffs' motions for partial summary judgment.  The only reference

to the statute of limitations Alexander made was in a memorandum of law submitted on issues

raised by the undisputed facts of record "[i]n compliance with [the court's] instructions of

March 25, 2002."  However, there is no evidence in the record that the statute of limitations

issue was tried by consent of the parties.  Because Rule 8(c) and our cases hold that affirmative

defenses are waived if not pleaded or tried by consent, it is clear that this issue is not properly

before the Court.

### B. Voided Tax Deeds

¶14.    Alexander contends that the trial court erred in voiding the tax sale and the tax deeds

because the chancery clerk and the sheriff did not comply with the statutory notice to the

plaintiffs required pursuant to Miss. Code Ann. §§ 27-43-1 & 27-43-3.  Alexander argues that

he entered into a contract with the State of Mississippi when he purchased the land in question

at the tax sales.  Alexander asserts that the tax sales and the tax deeds should not have been

voided by the trial court as the notice requirements were not performed due to the

chancery clerk's and sheriff's failure to perform in accordance with Miss. Code Ann. §§ 27-43-1 and 27-43-3, not because of any failure by him to perform.[1]

---

[1] Incidently, Alexander makes the argument that the language of Miss. Code Ann. § 27-43-3 (1981) which was revised as the current Miss. Code Ann. § 27-43-3 in 1995, should control since the tax sales occurred on August 21, 1990, August 20, 1992 and August 30, 1993, respectively.  To that end, Alexander argues that Miss. Code Ann.§ 27-43-3 (1981) provided in pertinent part:

> If the clerk or sheriff shall fail to perform duties herein prescribed, he shall be liable to the *party injured* by such default in the penal sum of twenty-five ($25.00) in addition to the actual damages.

(emphasis added).  Alexander makes the argument that "party injured" referenced the record owner who did not pay his taxes.  Therefore, Alexander contends that the plaintiffs should have sued the clerk instead. If that were the case, then an owner who did not pay his taxes would receive a unfair windfall in the case of the clerk's non-compliance with Miss. Code Ann. § 27-43-3.  Furthermore, Alexander was not issued

6

¶15.  However, the plaintiffs' position is that the trial court properly determined that the tax deeds were void because the record reveals that the chancery clerk and the sheriff failed to carry out their statutorily required duties to provide notice of the expiration of the redemption period.  There is no evidence of compliance with the notice requirements in the record.  Alexander does not argue or point out evidence that adequate notice was provided to the plaintiffs.

¶16.  Miss. Code Ann. § 27-43-1 provides in part:

> The clerk of the chancery court shall, within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption with respect to land sold, either to individuals or to the state, be required to issue notice to the record owner of the land sold as of 180 days prior to the expiration of the time of redemption ....

¶17.  Working in connection with Miss. Code Ann. § 27-43-1, Miss. Code Ann. § 27-43-3 states:

> The clerk shall issue the notice to the sheriff of the county of the reputed owner's residence, if he be a resident of the State of Mississippi, and the sheriff shall be required to serve personal notice as summons issued from the courts are served, and make his return to the chancery clerk issuing same.  The clerk shall mail a copy of same to the reputed owner at his usual street address if same can be ascertained, and he shall note such action on the tax sales record.  The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description and the legal description of such property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in such county.  Such publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.
> If said reputed owner is a nonresident of the State of Mississippi, then the clerk shall mail a copy of said notice thereto in the same manner as hereinabove set out for notice to a resident of the State of Mississippi, except that person notice served by the sheriff shall not be required.

---

his tax deeds until April 13, 1999, April 27, 1999 and August 27, 1999, respectively.  This argument is clearly without merit.

Notice by mail shall be by registered or certified mail. In the event the notice by mail is returned undelivered and the personal notice as hereinable required to be served by the sheriff is returned not found, then the clerk shall make further search and inquiry to ascertain the reputed owner's street and post office address. If the reputed owner's street or post office address is ascertained after the addition search and inquiry, the clerk shall again issue notice as hereinabove set out. If personal notice is again issued and it is again returned not found and if notice by mail is again returned undelivered, then the clerk shall file an affidavit to that effect and shall specify therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner's street and post office address and said affidavit shall be retained as permanent record in the office of the clerk and such action shall be noted on the tax sales record. If the clerk is still unable to ascertain the reputed owner's street or post office address after making search and inquiry for the second time, then it shall not be necessary to issue an additional notice but the clerk shall file an affidavit specifying therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner's street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sale record.

***Should the clerk inadvertently fail to send notice as prescribed in this section, then such sale shall be void and the clerk shall not be liable to the purchaser or owner upon refund of all purchase money paid.***

(emphasis added).

8

¶18. Here, the trial court found that the required notices were not sent and published as required by statute and that, as a result, the tax sales were void. We find that the clerk and the sheriff did not provide the plaintiffs with the statutory notice required in Miss. Code Ann. §§ 27-43-1 and 27-43-3 as to the three properties in question. Accordingly, this Court finds that the Lawrence County Chancery Court did not err in voiding the tax sales and tax deeds.

## CONCLUSION

¶19. Therefore, for all the foregoing reasons, the judgments of the Lawrence County Chancery Court are affirmed.

¶20. **AFFIRMED.**

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, COBB, CARLSON AND GRAVES, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**

9