840 So.2d 782 (2003)
Catherine L. YOUNG, Appellant,
v.
WENDY'S INTERNATIONAL, INC. and Wenstar, Inc., X, Y, Z, Appellee.
No. 2002-CA-00273-COA.
Court of Appeals of Mississippi.
March 18, 2003.
Robert R. Stephenson, Southaven, Reeve G. Jacobus, Jackson, attorneys for appellant.
Leland S. Smith, Tracy Jennifer Stidham-Steen, attorneys for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
*783 BRIDGES, J., for the court.
¶ 1. Catherine Young filed suit against Wendy's International, Inc. and Wenstar Inc., alleging that Wendy's and Wenstar breached its duty to maintain the premises of a Wendy's Restaurant in a safe manner, by permitting an unsafe and defective chair to remain in the dining room and that these aforementioned acts constituted gross negligence on the part of the defendants. The Hinds County Circuit Court granted Wendy's and Wenstar's summary judgment on both of these claims. The court concluded that there was no genuine issue of material fact, thereby entitling the defendants to judgment as a matter of law. Catherine Young appeals to this Court from that judgment.

STATEMENT OF THE ISSUE

DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT FOR WENDY'S INTERNATIONAL, INC. AND WENSTAR, INC.?

FACTS
¶ 2. Catherine Young entered into a Wendy's restaurant with her granddaughter, Latonya Bonds, and after ordering her food, Young walked over to a table and sat on a chair placed at the table. Young claimed that as she proceeded to pull the chair towards the table the chair gave way, causing her to fall to the floor and incur serious injury to her person. After ordering her food, Latonya walked over to the table where Young was seated and noticed that Young "looked dazed." A Wendy's manager walked over to where they were seated and was informed by Catherine that "the chair was wobbly." After being so informed by Young, the manager examined and inspected the chair. Young claims that, while the manager was testing and observing the chair, Latonya, noticed that the chair appeared to be extremely wobbly and unstable. Later, after examining the chair herself, Latonya claims that the chair's legs were loose and not secure, and the chair would not remain firmly in place. However, a Wendy's employee, in an affidavit, expressly asserts that not only was the chair in question not unsteady in any manner, but as a matter of fact, remains in use in the restaurant. In Young's deposition, she stated that she was not even certain whether she continued to sit in the chair after the fall or not.

ANALYSIS

DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT FOR WENDY'S INTERNATIONAL, INC. AND WENSTAR, INC.?
¶ 3. When reviewing a lower court's decision to grant or deny a summary judgment motion, it is proper to employ a de novo standard of review. Hudson v. Courtesy Motors, 794 So.2d 999, 1002(¶ 7) (Miss.2001) (citing Russell v. Orr, 700 So.2d 619, 622 (Miss.1997)).
¶ 4. The rule in Mississippi is that summary judgments shall be entered by a trial judge "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a law of law." M.R.C.P. 56(c).
¶ 5. It is standard practice that "summary judgment, in whole or in part, should be granted with great caution." Brown v. Credit Center Inc., 444 So.2d 358, 363 (Miss.1983). The moving party has the burden of proving that no triable genuine issue of fact exists, and the non-moving party is given the benefit of reasonable doubt. Tucker v. Hinds, 558 *784 So.2d 869, 872 (Miss.1990). However, the non-moving party cannot just remain silent and do nothing. Newell v. Hinton, 556 So.2d 1037, 1041(Miss.1990). He must bring forward "significant probative evidence demonstrating the existence of a triable issue of fact." Id. at 1042.
¶ 6. Furthermore, the plaintiff must show that the party charged is the party actually responsible for the wrong, with reasonable certainty or definiteness. Berry v. Brunt, 252 Miss. 194, 172 So.2d 398, 401 (1965). Also noted by the Berry court was that "it is not enough that this shall be left to conjecture or to inferences so loose that it cannot be dependently told where conjecture ceases and cogent inferences begins." Id. (citing McCain v. Wade, 181 Miss. 664, 180 So. 748 (1938)).
¶ 7. In Brown, the court explained that while considering the motion for summary judgment, "the trial court must view all the evidence in the light most favorable to the non-movant." Brown, 444 So.2d at 363. Upon this consideration, the motion should be granted if the moving party is entitled to judgment as a matter of law, otherwise it should be denied. Id.
¶ 8. In the case of Downs v. Choo, 656 So.2d 84, 86 (Miss.1995), in order for a plaintiff to recover in a claim of negligence in a premises liability action, he must (1) show the defendants' own negligence created a dangerous condition which caused the plaintiff's injury; or, (2) show that defendants had actual knowledge of a condition which they did not cause, but failed to warn plaintiff of the danger she faced as an invitee; or, (3) show that, based upon the passage of time, defendants should have known of the dangerous condition. Id. In Douglas v. Great Atlantic & Pac. Tea Co., 405 So.2d 107, 111 (Miss.1981), the court concluded that under Mississippi premises liability law, if the plaintiff can not show that the condition, allegedly causing injury was due to the action or inaction of the premises owner or operator, then actual or constructive knowledge must be shown in order to prevail at trial. To establish constructive knowledge, proof must be shown that the dangerous condition existed for such a length of time that the defendants should have known about it. Sears Roebuck & Co. v. Tisdale, 185 So.2d 916, 917 (Miss. 1966).
¶ 9. In order for Young to prove some dangerous condition existed which led to her fall, evidence must be given. However, Young has in no way met this burden. Neither has Young presented any evidence that either Wendy's or Wenstar had notice that a dangerous condition existed on the premises.
¶ 10. In order to determine whether summary judgment was appropriate in the present case, we examined the pleadings, depositions, admissions, answers to interrogatories, and affidavits to determine whether Young made a sufficient showing to survive Wendy's motion for summary judgment. In the present case, Young failed to sustain her burden of proof that a genuine issue of material fact existed by failing to produce evidence of significant and probative value that the defendants were negligent. Young even admitted, in her deposition, that she knew of no facts supporting her claim that the chair was defective or showing that Wendy's had notice of any alleged instability in the chair.
¶ 11. In the present case, under the applicable summary judgment standards, the record clearly supports a shift of the burden of proof, from the defendants to the plaintiff, to present any evidence she may have to support her allegations of negligence against Wendy's and Wenstar. The plaintiff has failed to present such *785 evidence and has therefore failed to meet her burden of proof.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.