906 So.2d 5 (2004)
W.B. CURTIS, Jr., Appellant
v.
Robert A. CARTER, Sr., Dieter Hase and Elisabeth Hase, Appellees.
No. 2002-CA-02036-COA.
Court of Appeals of Mississippi.
September 21, 2004.
Rehearing Denied February 1, 2005.
*6 David A. Wheeler, Biloxi, attorney for appellant.
Billy Parlin, attorney for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. W.B. Curtis, Jr. appeals an order of the Chancery Court of Jackson County which granted Robert A. Carter, Sr., Dieter Hase and Elisabeth Hase's motion for summary judgment. The chancellor ruled that there was no genuine issue of material fact on whether or not the City of Ocean Springs violated statutory provisions regarding notice to lienors following a municipal tax sale. The chancellor ruled that the City violated the notice provisions and therefore the clerk's conveyance to Curtis was set aside. In an amended judgment, the chancellor ordered that Curtis be paid $1,815.70. Curtis appeals to this Court and raises the following assignments of error.

ISSUES PRESENTED
I. Did the chancellor err by granting summary judgment in favor of Robert A. Carter, Sr., Dieter Hase and Elisabeth Hase?
II. Did the chancellor err by awarding Curtis only taxes paid for the property and interest as damages?

STATEMENT OF FACTS
¶ 2. On August 31, 1992, the City of Ocean Springs held a tax sale for taxes *7 due for 1991. Curtis bought the property which is the subject of this action at the tax sale. The property was not redeemed, and on October 20, 1994, the City Clerk issued a "City Clerk's Conveyance, Land Sold for Taxes" to Curtis. At the time of sale, several deeds of trust were recorded. Those deeds are as follows:
1) Deed of Trust from Travis Taylor Lewis and Darla G. Lewis to Dieter Hase and Elisabeth Maclin Hase in the amount of $30,000 dated December 4, 1985 payable over a period of 180 months.
2) All Inclusive Deed of Trust from Milton T. Cox and Deanna Cole to Robert A. Carter dated February 2, 1989 which secured $45,000 for a period of 24 months.
From the time between the tax sale and the clerk's conveyance, several other documents were executed and recorded concerning the subject property. They are as follows:
1) Special Warranty Deed from Dieter Hase and Elisabeth Maclin Hase to Robert A. Carter dated October 5, 1993.
2) Deed of Trust from Fred Burns and wife Teri D. Burns to Robert A. Carter, Sr. dated January 30, 1994 which secured $47,000 payable over a period of 240 months.
¶ 3. On August 13, 1999, Carter, Dieter and Elisabeth Hase filed suit to set aside the tax sale because the City failed to follow the statutory notice requirements. Curtis answered asserting the lapse of the statute of limitations as well as other defenses. Following discovery, Carter and the Hases motioned for summary judgment which was granted by the chancellor. The chancery court set aside the tax conveyance to Curtis and by amended judgment ordered the payment of $1,815.70 to Curtis. Curtis now appeals to this Court from the chancery court's order granting summary judgment.

STANDARD OF REVIEW
¶ 4. When reviewing a lower court's granting of summary judgment, this court employs a de novo standard of review. Young v. Wendy's Int'l, Inc., 840 So.2d 782, 783(¶ 3) (Miss.Ct.App.2003) (citing Hudson v. Courtesy Motors, 794 So.2d 999, 1002(¶ 7) (Miss.2001)). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Piggly Wiggly of Greenwood, Inc. v. Fipps, 809 So.2d 722, 725(¶ 9) (Miss.Ct.App.2001) (citing M.R.C.P. 56(c); Singleton v. Ratliff, 757 So.2d 1098(¶ 6) (Miss.Ct.App.2000)). The burden rests on the moving party to show that no genuine issue of material fact exists, while the benefit of reasonable doubt is given to the non-moving party. Young, 840 So.2d at 784. Also, "the trial court must view all the evidence in the light most favorable to the non-movant." Id. (citing Brown v. Credit Center, Inc., 444 So.2d 358, 363 (Miss.1983)). The non-moving party cannot sit back and produce no evidence. To survive summary judgment, the non-moving party must offer "significant probative evidence demonstrating the existence of a triable issue of fact." Id. (citing Newell v. Hinton, 556 So.2d 1037, 1041-42 (Miss.1990)).

LEGAL ANALYSIS

I. DID THE CHANCELLOR ERR BY GRANTING SUMMARY JUDGMENT IN FAVOR OF ROBERT A. CARTER, SR., DIETER HASE AND ELISABETH HASE?
¶ 5. Curtis argues that the chancellor erred by granting summary judgment *8 in favor of Carter and the Hases. The subject property was sold for nonpayment of city taxes. As such, Mississippi Code Annotated Section 27-43-4 (Rev.2002) requires the following:
With respect to lands sold for the nonpayment of municipal taxes, both for ad valorem and for special improvements, the municipal clerk shall issue the same type notices and perform all other requirements as set forth in Sections 27-43-1 through 27-43-11, inclusive, and for so doing, the municipality shall be allowed the same fees as set forth in said sections. . . .
Section 27-43-5 (Rev.2002) requires the following notice to lienors:
It shall be the duty of the clerk of the chancery court to examine the record of deeds, mortgages and deeds of trust in his office to ascertain the names and addresses of all mortgagees, beneficiaries and holders of vendors liens of all lands sold for taxes; and he shall, within the time fixed by law for notifying owners, send by certified mail with return receipt requested to all such lienors so shown of record the following notice. . . .
¶ 6. The statute then provides a form notice to be used by the chancery clerk for giving notice to all lienors. Carter and the Hases based their summary judgment motion on the failure of the city to adhere to the statutory notice requirements. In support of their motion, Carter and the Hases attached depositions of Donna Harpster Davis, the tax clerk for Ocean Springs, and Marie Starr, the deputy tax collector. Davis stated that following a tax sale but shortly before the redemption period expired, the tax collector's office conducted a search of the land records and wrote the results of the search on an index card. The index card for the property sold to Curtis was entered as an exhibit to Davis's testimony. It showed an address for Milton Cox, the owner of the property who was not a party to the lawsuit. Two prior deeds of trust were noted on the card, one for Robert Carter with no address and one for the Hases with no address. Davis testified that no notice was mailed to the Hases.
¶ 7. Marie Starr testified that the tax collector's office mailed certified notices to landowners and lienholders following a tax sale. Certified notice was mailed to Cox and was returned undeliverable on June 20, 1994. No address was found for Robert Carter or the Hases and no notice was mailed to the Hases. Notice was mailed to Carter but the record does not indicate that it was certified as required by statute. Both Carter and the Hases stated in an affidavit that they did not receive notice of the tax sale.
¶ 8. Based on the evidence presented to the chancellor, summary judgment was granted in favor of Carter and the Hases because the chancery court ruled that no genuine issue of material fact existed as to whether the City complied with the notice requirements. The court held that the lienholders were entitled to a judgment as a matter of law due to the City's failure to comply with the notice requirements.
¶ 9. Curtis argues on appeal that the City was not required to mail certified notices to Carter and the Hases for several reasons. Curtis argues that the Hases were not due notice because they conveyed their interest in the subject property to Robert Carter per special warranty deed dated October 5, 1993. Curtis contends that Robert Carter was not due notice because his deed of trust dated February 2, 1989, had expired by its own terms. A review of the record indicates that the all-inclusive deed of trust executed on February 2, 1989, from Milton Cox and Deanna Cole to Robert Carter secured a sum of $45,000. The instrument directs that payments *9 are to be made monthly for a period of 24 months. Another section in the deed reads:
The Debtor hereby acknowledges the existence of that certain Deed of Trust from Travis Taylor Lewis and Darla G. Lewis in favor of Dieter Hase and Elisabeth Maclin Hase dated 12/4/85 and recorded in Book 913, Pages 379-380, Records of Mortgages and Deeds of Trust of Jackson County, Mississippi, and acknowledges that it is a prior lien on the property described herein. The Debtor also acknowledges that he is aware of the fact that the Deed of Trust described herein is the personal responsibility of and all the terms and obligations thereof will be performed by Robert A. Carter.
¶ 10. According to the terms of the deed of trust, Robert Carter was personally responsible for the Hases' obligations under the 1985 deed of trust, meaning he was the beneficiary under that deed. A review of the 1985 deed of trust indicates that it secured a sum of $30,000 payable over 180 months; therefore, the pay-off date under the 1985 deed was November 2000. There was no evidence presented to the chancery court or to this Court that the $30,000 debt had been satisfied. As such, Carter was due statutory notice as a lienholder.
¶ 11. The evidence presented to the trial court showed that Carter was mailed a notice document, but no evidence was presented to indicate the notice was sent to Carter by certified mail. To the contrary, Marie Starr testified in her deposition that there was no indication in the tax department's records that Carter was sent certified notice. Starr stated that if Carter's notice had been sent certified mail, the receipt would have been stapled to the notice. No such receipt was ever produced.
¶ 12. Curtis makes an argument that the claims of Carter and the Hases are no longer viable due to the expiration of the statute of limitations. Curtis argues that since no specific statute applies to this action, the general three-year limitation should govern. See Miss.Code Ann. § 15-1-49 (Rev.2003). The chancellor did not make a ruling on this issue in the order granting summary judgment; therefore, this Court is without authority to consider Curtis' argument on the statute of limitations. Alexander v. Womack, 857 So.2d 59, 62 (¶ 12) (Miss.2003). Also, Curtis cites no authority for his argument on the statute of limitations issue. As the appellant, Curtis holds the duty of providing authority to support his assignment of error. Id. Because he failed to do so, this Court will not consider his unsupported assertions on appeal.
¶ 13. To determine whether a summary judgment motion was properly granted, we look to the pleadings, depositions, admissions, answers to interrogatories, and affidavits of each claim. M.R.C.P. 56(c). Based upon the evidence presented, the City of Ocean Springs failed to comply with the notice requirements of Mississippi Code Sections 27-43-4 and 27-43-5. As such, the chancery court properly granted summary judgment in this case.

II. DID THE CHANCELLOR ERR BY AWARDING CURTIS ONLY TAXES PAID FOR THE PROPERTY AND INTEREST AS DAMAGES?
¶ 14. Curtis contends that the chancellor erred by awarding him $1,815.70 in monetary damages. On appeal, Curtis argues that he is also due compensation for attorney's fees an expense associated with the tax sale. Curtis cites Mississippi Code Annotated Section 27-45-27 (Rev.2002) as authority on this point. The statute reads:

*10 (1) The amount paid by the purchaser of land at any tax sale thereof for taxes, either state and county, levee or municipal, and interest on the amount paid by the purchaser at the rate of one and one-half percent (1-1/2%) per month, or any fractional part thereof, and all expenses of the sale and registration. . . .
There is no provision in the statute for an award of attorney's fees in a case such as this. Therefore, this Court cannot order that attorney's fees be awarded to Curtis. See Lawrence v. Rankin, 870 So.2d 673, 677 (¶ 22) (Miss.Ct.App.2004). Also, Curtis cites the statute in the Mississippi Code which governs redemption of land sold for taxes. Redemption of property did not occur in this case. Rather, the tax sale was voided due to lack of proper notice. Section 27-43-11 (Rev.2002) which addresses the failure to properly notice to lienors states, "such purchaser shall be entitled to a refund of all such taxes paid the state, county or other taxing district after filing his claim therefor as provided by law." The chancellor had no authority under the statute to award him attorney's fees and did not err by not doing so.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR.