MYERS, J.,
for the Court.
¶ 1. Carolyn M. Hodges and J.R. “Jack” Hodges, pro se, appeal from orders of the Circuit Court of Leflore County, Mississippi, which granted the defendants’ motions for summary judgment. Dr. Joyce Bradshaw and Leflore Pathology, LLP cross-appeal the circuit court’s denial of their motion for sanctions and request that this *1100 Court award damages due to the Hodges-es’ filing of an allegedly frivolous appeal.
ISSUES PRESENTED
I. DID THE CIRCUIT COURT ERR IN GRANTING THE DEFENDANTS’ MOTIONS FOR, SUMMARY JUDGMENT?
II. DID THE CIRCUIT COURT ERR IN DENYING DR. BRADSHAW AND LEFLORE PATHOLOGY, LLP’S MOTION FOR SANCTIONS?
III. SHOULD DR. BRADSHAW AND LEFLORE PATHOLOGY, LLP BE AWARDED DAMAGES BECAUSE THE HODGESES FILED A FRIVOLOUS APPEAL?
STATEMENT OF FACTS
¶ 2. On April 11, 1997, Carolyn Hodges underwent'thyroid surgery performed by Dr. John F. Lucas, Jr. at Greenwood Le-flore Hospital in Greenwood, Mississippi. The surgery involved the removal of portions of Mrs. Hodges’s thyroid. Dr. Joyce Bradshaw, who was employed by Leflore Pathology, LLP, reviewed the thyroid tissue removed by Dr. Lucas and created a report of her findings. Mrs. Hodges asserts that after surgery Dr. Lucas told her he removed all of her thyroid except a small portion the size of his fingertip. Dr. Lucas contends that he never told the Hodgeses that he was going to remove Mrs. Hodges’s entire thyroid and that he performed a bilateral subtotal thyroidecto-my. Dr. Bradshaw’s report indicated that Dr. Lucas removed portions of the left lobe and thyroid gland.
¶ 3. On March 26, 1999, Carolyn and Jack Hodges - filed separate complaints against the defendants Dr. John F. Lucas, Jr., Dr. John F. Lucas, III, Lucas Surgical Group, P.A., Greenwood Leflore Hospital, Dr. Joyce Bradshaw and Leflore Pathology, LLP. The complaints alleged that the defendants were negligent because they breached duties owed to the Hodgeses. Specifically, the complaints alleged that Dr. Lucas did not perform the appropriate surgical procedure on Mrs. Hodges. Also, the complaints allege that Dr. Lucas did not obtain Mrs. Hodges’s informed consent to the surgery because she consented to the removal of all of her thyroid. The complaints further alleged that Dr. Lucas breached a contract with the Hodgeses and that Dr. Lucas and Dr. Bradshaw fraudulently concealed their improper activities.
¶ 4. The cases of Carolyn and Jack Hodges were consolidated by an agreed order. Greenwood Leflore Hospital and Dr. John F. Lucas, III were dismissed from the case. Dr. Bradshaw and Leflore Pathology, LLP motioned the circuit court for summary judgment based on the fact that the Hodgeses had not provided expert witnesses who could establish the applicable standard of care and breach of that standard to support the claims. Dr. Lucas and Lucas Surgical Group, P.A. also filed a motion for summary judgment based on the lack of expert testimony establishing the applicable standard of care.
¶ 5. The. Hodgeses replied to the summary judgment motions, and argued that their claim did not require expert testimony as it involved issues within the common knowledge of laymen. The Hodgeses did designate two physicians as potential experts, Dr. Joseph Hillman, a family practitioner, and Dr. Charles Dalhke, a radiologist. By deposition, Dr. Hillman testified that he did not consider himself an expert in the field of endocrinology, and he was not an expert on the applicable standard of care for thyroid surgery. Dr. Dalhke stated that he would not offer any opinions on the matter and that he would only testify to what he observed on the x-rays made at the hospital in 1998.
*1101 ¶ 6. The circuit court granted the defendants’ summary judgment motions because the Hodgeses failed to establish the applicable standard of care by expert testimony to support their claim of medical negligence. Further, the court ruled that the basis of the Hodgeses’ claims of breach of contract, lack of informed consent and fraudulent concealment were premised on the allegation that Dr. Lucas did not remove all of Carolyn Hodges’s thyroid gland on April 11, 1997, but rather that he only removed a very small portion and concealed this from the Hodgeses. After considering the evidence, the court found that the Hodgeses did not provide evidence to support that theory.
¶ 7. The court found that Carolyn and Jack Hodges could not testify as to what occurred in surgery because Carolyn was under anesthetic and Jack was not present. Dr. Lucas stated in his deposition that he removed approximately 75% of the thyroid. Dr. Bradshaw’s pathology report is consistent with Dr. Lucas’s testimony. A defense expert, Dr. William Nicholas, explained the presence of thyroid tissue following the April 11,1997 surgery as attributable to regeneration. The court found that all medical experts agreed that regeneration of thyroid tissue can and does occur. The court ruled that in order for the Hodgeses to support their claims of informed consent, breach of contract and fraudulent concealment, they must prove that the presence of thyroid tissue following the April 11, 1997 surgery did not occur through regeneration, as the defendants claimed, but because Dr. Lucas did not remove the tissue.
¶ 8. The circuit court ruled that there was no evidence before the court that the Hodgeses had any experts or that any experts would testify to such opinions. Dr. Dalhke stated that he could not make a distinction between original thyroid tissue and regenerated tissue based on the x-ray taken in 1998. Dr. Hillman stated that he is not an expert on thyroid surgery and would defer to a surgeon. Accordingly, the circuit court found that no genuine issue of material fact existed and that the defendants were entitled to a judgment as a matter of law. Carolyn and Jack Hodges now appeal to this ■ Court from the orders of the circuit court granting summary judgment.
¶ 9. Dr. Lucas, Lucas Surgical Group, P.A., Dr. Bradshaw and Leflore Pathology, LLP also filed motions for sanctions which were denied by the circuit court. Dr. Bradshaw and Leflore Pathology, LLP now appeal from the denial of sanctions and request that this Court award damages based on the filing of a frivolous appeal by the Hodgeses.
STANDARD OF REVIEW
¶ 10. When reviewing a lower court’s granting of summary judgment, this court employs a de novo standard of review. Young v. Wendy’s Int’l, Inc., 840 So.2d 782, 783(¶ 3) (Miss.Ct.App.2003) (citing Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1002(¶ 7) (Miss.2001)). Summary judgment is appropriate when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Piggly Wiggly of Greenwood, Inc. v. Fipps, 809 So.2d 722, 725(¶ 9) (Miss.Ct.App.2001) (citing M.R.C.P. 56(c); Singleton v. Ratliff, 757 So.2d 1098(¶ 6) (Miss.Ct.App.1999)). The burden rests on the moving party to show that no genuine issue of material fact exists, while the benefit of reasonable doubt is given to the non-moving party. Young, 840 So.2d at 783(¶ 5). Also, “the trial court must view all the evidence in the light most favorable to the non-mov-ant.” Id. • at 784(¶ 7) (citing Brown v. *1102 Credit Ctr., Inc., 444 So.2d 358, 363 (Miss.1983)). The non-moving party cannot sit back and produce no evidence. Id. at 784(¶ 5) To survive summary judgment, the non-moving party must offer “significant probative evidence demonstrating the existence of a triable issue of fact.” Id. (citing Newell v. Hinton, 556 So.2d 1037, 1041-42 (Miss.1990)).
LEGAL ANALYSIS
I. DID THE CIRCUIT COURT ERR IN GRANTING THE DEFENDANTS’ MOTIONS FOR SUMMARY JUDGMENT?
¶ 11. Carolyn and Jack Hodges claim that the circuit court erred in granting the defendants’ summary judgment motions; however, they provide this Court with no authority to support their claims. The law is well settled that “failure to cite relevant authority obviates the appellate court’s obligation to review such issues.” Byrom v. State, 863 So.2d 836, 862 (¶84) (Miss.2003) (quoting Simmons v. State, 805 So.2d 452, 487 (¶ 90) (Miss.2001)). As stated, the Hodgeses provided this Court with no authorities to support their claims; therefore, this issue is procedurally barred.
¶ 12. We note that the Hodgeses did file a reply brief containing some authorities; yet this reply brief was filed only after briefs for the appellees had been submitted pointing out the defects in the Hodgeses’ original brief. Moreover, most of the authorities cited in the reply brief are authorities previously cited by the ap-pellees in their briefs. We find that the Hodgeses should not be able to borrow or profit from the legal work of counsel for the appellees, which would be the case if we were to find that the Hodgeses’ reply brief cured the defects in their original brief. The appellees would have had no such opportunity to cure a defect in their briefs discovered subsequent to filing (as by filing a reply brief to appellants’ reply brief); therefore, the Hodgeses’ failure to cite to authorities in their original appellate brief bars consideration of their claims on appeal.
II. DID THE CIRCUIT COURT ERR IN DENYING DR. BRADSHAW AND LEFLORE PATHOLOGY, LLP’S MOTION FOR SANCTIONS?
¶ 13. Dr. Bradshaw and Leflore Pathology, LLP filed a motion for sanctions because the Hodgeses fired their trial counsel shortly before the trial was scheduled. Dr. Bradshaw and Leflore Pathology, LLP argue that the Hodgeses’ counsel were fired for the purpose of delay and that the delay has caused them financial harm. The circuit court denied the motion for sanctions and by order ruled that each party would be responsible for its own fees and expenses. Dr. Bradshaw and Leflore Pathology, LLP now challenge that ruling on cross-appeal.
¶ 14. We review the trial court’s handling of a motion for sanctions for abuse of discretion. “This Court will reverse only where the trial court abused its discretion in imposing sanctions, so long as correct legal standards were employed.” Leaf River Forest Prod., Inc., v. Deakle, 661 So.2d 188, 196 (Miss.1995); Cooper v. State Farm Fire & Cas. Co., 568 So.2d 687, 692 (Miss.1990); Broome v. Broome, 841 So.2d 1204, 1206(¶7) (Miss.Ct.App.2003).
¶ 15. A review of the record indicates that the trial court did not abuse its discretion; therefore, we affirm the denial of the motion for sanctions.
¶ 16. Dr. Bradshaw and Leflore Pathology, LLP argue further that the Litigation Accountability Act supports their motion for sanctions. The relevant portion of that statute reads:
(1) Except as otherwise provided in this chapter, in any civil action commenced *1103 or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney’s fees and costs against any party or attorney if the court, upon motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.
Mississippi Code Annotated Section 11-55-5(1) (Rev.2002).
¶ 17. Dr. Bradshaw and Leflore Pathology, LLP contend that they are entitled to fees and expenses because the Hodgeses fired their trial counsel shortly before trial and caused delay of the proceedings and great expense to them. Nothing in the record supports that claim. The circuit court did not find that the Hodgeses requested a continuance for an improper purpose or to delay the trial. The Hodg-eses sought a continuance in order to obtain new counsel. The circuit court allowed the Hodgeses time to obtain new counsel and ordered that each party pay its own fees and expenses. We find that the circuit court did not err in denying the motion for sanctions.
III. SHOULD DR. BRADSHAW AND LEFLORE PATHOLOGY, LLP BE AWARDED DAMAGES BECAUSE THE HODGESES FILED A FRIVOLOUS APPEAL?
¶ 18. Dr. Bradshaw and Leflore Pathology, LLP ask this Court to impose sanctions according to Rule 38 of the Mississippi Rules of Appellate Procedure which states: “In a civil case to which Miss.Code Ann. § 11-3-23 (1991) does not apply, if the Supreme Court or Court of Appeals shall determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee.” Section 11-3-23 requires a fifteen percent penalty on affirming a money judgment. That statute is inapplicable here. The supreme court has held that the definition of frivolous under M.R.A.P. 38 has the same meaning as it does under M.R.C.P. 11. A motion or pleading is considered frivolous under Rule 11 when the pleader or movant has no chance of success. Little v. Collier, 759 So.2d 454, 458 (¶ 20) (Miss.Ct.App.2000).
¶ 19. Considering the Hodgeses’ complaint, we cannot say that they had no chance of success. The defendants were granted summary judgment because the Hodgeses did not establish the applicable standard of care by expert testimony, not because they did not have a potentially viable claim. As such, we do not find the appeal to be frivolous, and we will not award damages according to M.R.A.P. 38.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY IS AFFIRMED ON BOTH DIRECT AND CROSS-APPEALS. COSTS OF THIS APPEAL ARE DIVIDED EQUALLY BETWEEN THE APPELLANTS/CROSS APPELLEES AND THE APPELLEES/CROSS APPELLANTS.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. IRVING, J„ CONCURS IN RESULT ONLY. ISHEE, J., NOT PARTICIPATING.