MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. The Tunica County Circuit Court granted summary judgment to Boyd Tuni-ca, Inc. d/b/a Sam’s Town Hotel and Gambling Hall (Boyd) in this premises-liability case. The lawsuit was filed after Bill Stanley, a hotel guest at Sam’s Town Casino, slipped on the hotel shower mat. Stanley appeals claiming summary judgment was improper and asserts a genuine issue of material fact exists regarding Boyd’s notice of a dangerous condition in the bathroom. Finding no genuine issue of material fact, we affirm.
 

 FACTS
 

 ¶ 2. On June 9, 2002, Bill and Joann Stanley visited Sam’s Town Casino in Rob-insonville, Mississippi. After checking into their room, the couple spent most of the night in the casino. The next afternoon, Joann awoke and showered. She claims she noticed the shower was slippery but did not lose her balance or have to use the rubber bathmat.
 

 ¶ 3. Stanley decided to shower before dinner. He claims he stepped on the rubber shower mat in the bathtub, and that the mat twisted or slipped, causing him to fall. He received treatment for his injuries, and Boyd investigated the incident. At Stanley’s direction, Joann completed and signed a “Guest Accident Report.”
 

 ¶ 4. Stanley filed suit on May 31, 2005, alleging he had suffered injuries to his arm and head caused by Boyd’s negligence. Boyd admitted Stanley was a business invitee of the hotel but denied breaching any duty owed to Stanley. Boyd moved for
 
 *97
 
 summary judgment, which was granted by the circuit court.
 

 STANDARD OF REVIEW
 

 ¶ 5. We review the circuit court’s granting of summary judgment de novo.
 
 Byrne v. Wal-Mart Stores, Inc.,
 
 877 So.2d 462, 464 (¶ 3) (Miss.Ct.App.2003) (citing
 
 Young v. Wendy’s Int’l, Inc.,
 
 840 So.2d 782, 783 (¶ 3) (Miss.Ct.App.2003)). Summary judgment is proper when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
 
 Id.
 
 at 464-65 (¶ 3) (quoting
 
 Piggly Wiggly of Greenwood, Inc. v. Fipps,
 
 809 So.2d 722, 725 (¶ 9) (Miss.Ct.App.2001)); M.R.C.P. 56(c). We view the evidence in the light most favorable to the non-movant.
 
 Byrne,
 
 877 So.2d at 465 (¶ 3) (citing
 
 Young,
 
 840 So.2d at 784 (¶ 7)).
 

 ¶ 6. “To survive summary judgment, the non-moving party must offer ‘significant probative evidence demonstrating the existence of a triable issue of fact.’ ”
 
 Id.
 
 (quoting
 
 Young,
 
 840 So.2d at 784 (¶ 5)). When a motion for summary judgment is made and supported, “an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in [Mississippi Rule of Civil Procedure 56], must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e).
 

 DISCUSSION
 

 ¶ 7. Stanley claims the circuit court erred by granting summary judgment in Boyd’s favor. He contends a material issue of fact exists regarding Boyd’s notice of an alleged dangerous condition in the bathroom. Stanley argues he is not required to prove notice because Boyd was in exclusive control of the room.
 

 A. Premises Liability — Business Invitee
 

 ¶ 8. In Mississippi, business owners have a duty to invitees to exercise reasonable care to keep the business premises in a “reasonably safe condition.”
 
 Jacox v. Circus Circus Miss., Inc.,
 
 908 So.2d 181, 184 (¶ 7) (Miss.Ct.App.2005) (citing
 
 Jerry Lee’s Grocery, Inc. v. Thompson,
 
 528 So.2d 293, 295 (Miss.1988)). However, “[sjtrict liability is not imposed on [business owners] in premises[-]liability cases.”
 
 Martin v. Rankin Circle Apartments,
 
 941 So.2d 854, 864 (¶ 45) (Miss.Ct.App.2006) (citing
 
 Corley v. Evans,
 
 835 So.2d 30, 41 (¶¶ 32-33) (Miss.2003)). And business operators are not insurers against all injuries.
 
 Jacox,
 
 908 So.2d at 184 (¶ 7) (citing
 
 Munford, Inc. v. Fleming,
 
 597 So.2d 1282, 1284 (Miss.1992)). Furthermore, mere proof “of the occurrence of a fall on a floor within [the] business premises is insufficient to show negligence on the part of the proprietor.”
 
 Byrne,
 
 877 So.2d at 465 (¶ 6) (quoting
 
 Sears, Roebuck & Co. v. Tisdale,
 
 185 So.2d 916, 917 (Miss.1966)).
 

 ¶ 9. Rather, in order to succeed on his premises-liability claim, Stanley must show either: “(1) a negligent act by the defendant caused the plaintiffs injury; or, (2)[the] defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant.”
 
 Id.
 
 at (¶ 5) (citing
 
 Downs v. Choo,
 
 656 So.2d 84, 86 (Miss.1995)).
 

 ¶ 10. All three types of premises-liability claims require a showing of a dangerous condition. In other words, a “property owner cannot be found liable for the plaintiffs injury where no dangerous con
 
 *98
 
 dition exists.”
 
 Delmont v. Harrison County Sch. Dist.,
 
 944 So.2d 131, 133 (¶ 5) (Miss.Ct.App.2006).
 

 ¶ 11. In granting summary judgment on behalf of Boyd, the circuit judge found Stanley presented no evidence of a dangerous condition or that Boyd had any knowledge of a dangerous condition in the hotel bathroom. The circuit judge also found Stanley presented no evidence of other falls of this nature in the hotel and that Boyd was not in exclusive control of the shower mat. He also held that the doctrine of res ipsa loquitur was inapplicable.
 

 ¶ 12. After reviewing the record, we agree with the circuit court that Stanley offered no proof of a negligent act on the part of Boyd or that Boyd had actual knowledge of a dangerous condition. Further, because Stanley fails to offer any scintilla of evidence of a dangerous condition, he is unable to prove constructive notice based upon the amount of time the alleged condition existed.
 
 See Jacox,
 
 908 So.2d at 185 (¶ 8).
 

 B. Res Ipsa Loquitur
 

 ¶ 13. The circuit judge also correctly pointed out that Boyd was not in exclusive control of the bathroom. The Stanleys had control of the room immediately prior to the fall, and Joann admitted using the shower only a short time before Stanley. Thus, the doctrine of res ipsa loquitur is inapplicable as a matter of law.
 
 See id.
 
 at 184 (¶ 7) (citing
 
 Sears,
 
 185 So.2d at 917) (Mere proof “of a fall on a floor within a business is insufficient to show negligence on the part of the proprietor ... and the doctrine of res ipsa loquitur is inapplicable in cases of this kind.”).
 

 ¶ 14. Stanley bore the burden to show Boyd’s negligence, or failure to warn, caused his injury. Though Stanley presented no evidence to support his allegations, Boyd responded with proof of the bathmat’s quality as well as the i-esults from tests that showed the bathmat was in good condition with no abnormalities.
 

 ¶ 15. Taking all evidence in the light most favorable to Stanley, we find no genuine issue of material fact in dispute. Accordingly, we affirm the circuit court’s grant of summary judgment in Boyd’s favor.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.