IRVING, J.,
 

 for the Court:
 

 ¶ 1. On July 13, 2009, Bertrue Jackson was convicted of Count I, aggravated assault, and Count II, possession of a firearm by a convicted felon. The Coahoma County Circuit Court sentenced Jackson to ten years for each count, with the sentences to run concurrently, all in the custody of the Mississippi Department of Corrections, and five years of post-release supervision on Count I. On July 17, 2009, Jackson filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which the circuit court denied. Feeling aggrieved, Jackson appeals and argues that the circuit court erred in denying his post-trial motion and in refusing to permit a self-defense jury instruction.
 

 ¶ 2. Finding no reversible error, we affirm.
 

 FACTS
 

 ¶ 8. Jackson worked as a security guard at a night club in Friars Point, Mississippi. In the early morning hours of January 1, 2008, a fight broke out at the club. Frederick Magsby and his wife, Ken’Shaundra Davis, were both involved in the fight. Magsby testified that sometime during the altercation, he was struck in the head by an unidentified object. Magsby turned around and saw Jackson behind him. Assuming Jackson had hit him, Magsby began to walk toward Jackson. Magsby claimed that Jackson then pulled a gun from his pants and shot Magsby. Magsby fled, and Jackson shot Magsby a second time.
 

 ¶ 4. Officer Oliver Mitchell, a police officer on patrol in the area, heard the gunshots and headed toward the club. When he arrived, he spoke to Officer Kenneth Davis,
 
 [1]
 
 who was already at the scene and had witnessed the shooting. Based on his conversation with Officer Davis, Officer Mitchell approached Jackson and asked if he had a gun. Jackson stated that he did. Officer Mitchell removed the gun from Jackson’s pants and arrested Jackson.
 

 ¶ 5. Jackson later gave a written statement to the police.
 
 [2]
 
 In his statement, Jackson explained:
 

 Two gentleman [sic] got into it — got into a fight. I was breaking the fight up but they jumped me.... The officer pulled his shot gun [sic] and shot into the air. But they didn’t stop.... So I was pulling them apart. Another gentlemen [sic] went for his gun and then I shot my gun[,] but the officer didn’t see the gentleman with the gun.
 

 Jackson told the police that the man he saw reach for a gun was Jamarro Foster. According to Jackson, Foster and Magsby were standing side by side. When Foster reached for his gun, Jackson fired, intending to hit Foster, but the bullet hit Mags-by.
 

 ¶ 6. Tim Pollard, the club’s manager, testified that the club’s surveillance cam
 
 *1139
 
 era captured the shooting; however, the video had been inadvertently erased. Pollard and the club’s owner, Sherman Tyler, viewed the video before it was erased and testified that it showed that Jackson picked a gun up off the ground and pointed it at Magsby, who appeared to be reaching for a gun.
 

 ¶ 7. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 8. “A motion for [a] J.N.O.V. challenges the legal sufficiency of the evidence.”
 
 Wilkins v. State,
 
 1 So.3d 850, 852-53 (¶ 9) (Miss.2009) (quoting
 
 Ivy v. State,
 
 949 So.2d 748, 751 (¶14) (Miss.2007)). When reviewing the legal sufficiency of evidence, an appellate court considers “whether the evidence shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a .conviction.’ ”
 
 Bush v. State,
 
 895 So.2d 836, 843 (¶ 16) (Miss.2005) (quoting
 
 Carr v. State,
 
 208 So.2d 886, 889 (Miss.1968)).
 

 ¶ 9. “A motion for a new trial challenges the weight of the evidence.”
 
 Wilkins,
 
 1 So.3d at 854 (¶ 11) (quoting
 
 Ivy,
 
 949 So.2d at 753 (¶21)). An appellate court will not reverse a trial court’s decision to deny a motion for a new trial absent a finding that the trial court abused its discretion.
 
 Id.
 
 When reviewing a trial court’s decision to deny a motion for a new trial, the evidence is considered “in the light most favorable to the verdict.”
 
 Williams v. State,
 
 35 So.3d 480, 491 (¶ 41) (Miss.2010) (citing
 
 Bush,
 
 895 So.2d at 844 (¶ 18)). Therefore, we will only order a new trial when the verdict “is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction [an] unconscionable injustice.”
 
 Id.
 
 (quoting
 
 Bush,
 
 895 So.2d at 844 (¶ 18)).
 

 1. Post-Trial Motion
 

 ¶ 10. Jackson argues that because he allegedly acted in self-defense, the State failed to establish every element of aggravated assault, and the trial court erred in denying his motion for a JNOV or a new trial. The elements of aggravated assault were set forth in jury instruction S-2:
 

 If you find from the evidence in this case beyond a reasonable doubt that:
 

 (1) on or about January 1, 2008, in Coahoma County, Mississippi the defendant, BERTRUE JACKSON, did unlawfully, willfully, and feloniously and purposefully or knowingly,
 

 (2) cause bodily injury to Fredrick [sic] Magsby,
 

 (3) with a deadly weapon, to-wit: a gun, by shooting Fredrick [sic] Mags-by-
 

 (4) and not in necessary self-defense
 

 [[Image here]]
 

 then you shall find the defendant^] BERTRUE JACKSON[,] guilty of Count I of the indictment. If the State has failed to prove any one or more of the above elements beyond a reasonable doubt, then you shall find the defendant not guilty in Count I.
 

 ¶ 11. We find that the State sufficiently proved the elements of aggravated assault, including that Jackson was not acting in self-defense when he shot Magsby. Mags-by testified that he was not armed on the night of the shooting and that he did not threaten or provoke Jackson. Davis also testified that Magbsy was unarmed. Davis further testified that she saw Jackson hit Magsby on the head and pull a gun
 
 *1140
 
 from his pants and shoot Magsby. The only testimony that Jackson offered in support of his claim of self-defense was that of Pollard and Tyler, both of whom admitted that they were not present at the time of the shooting. Instead, their testimonies that Magsby appeared to be reaching for a gun was based on the surveillance video that had been inadvertently erased. Viewing the evidence in the light most favorable to the verdict, we find that it supports Jackson’s aggravated-assault conviction. Therefore, the circuit court did not err in denying Jackson’s motion for a JNOV or a new trial.
 

 2. Jury Instruction
 

 ¶ 12. Jackson also argues that the circuit court erred in denying a jury instruction that contemplated the use of a firearm by a convicted felon for the purpose of self-defense. However, Jackson cites no authority in support of his assignment of error. The Mississippi Supreme Court has long held that “an argument unsupported by cited authority need not be eonsidered[.]”
 
 Alexander v. Womack,
 
 857 So.2d 59, 62 (¶ 12) (Miss.2003) (quoting
 
 Dowdle Butane Gas Co. v. Moore,
 
 831 So.2d 1124, 1136 (¶ 34) (Miss.2002)). Unsupported assertions are deemed abandoned and procedurally barred from our consideration.
 
 Id.
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT, AND COUNT II, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE OF TEN YEARS, WITH FIVE YEARS OF POST-RELEASE SUPERVISION FOR COUNT I, AND TEN YEARS FOR COUNT II, WITH THE SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . Officer Davis died prior to Jackson’s trial.
 

 [2]
 

 . Jackson invoked his right not to testify at trial.