CARLTON, J.,
for the Court:
¶ 1. This appeal arises from a medical-malpractice case wherein the Hinds County Circuit Court granted summary judgment in favor of the defendants/appellees, University of Mississippi Medical Center (UMC) and Pharmacy Management Business of Cardinal Health (Cardinal Health). The plaintiff/appellant, Rafael Perez, now appeals to this Court, claiming the circuit court erred in granting summary judgment as a result of the court’s determination that Perez failed to prove causation.
FACTS
¶ 2. In the early 1990s, Perez sustained an eye injury after hot molten steel came in contact with his left eye. The steel extensively damaged the cornea and other parts of his eye. Over the years, Perez *610 underwent several corneal transplants, which ultimately failed due to the extensive damage to his eye. In April 2003, Perez’s physicians attempted another corneal transplant at UMC.
¶ 3. After the surgery, Perez’s physician, Dr. Robert Mallette, prescribed the antibiotic ophthalmic solution Ocuflox, with directions for Perez to administer one drop, four times a day, into his injured eye. Perez took his prescription to the UMC pharmacy[1] to have it filled. However, instead of giving Perez his prescribed medication, Ocuflox, the pharmacy gave him Floxin Otic, with directions for him to administer one drop, four times a day, into the injured eye. Floxin Otic’s active ingredients and solutions are identical to Ocuflox.
¶ 4. Soon after the surgery, ulcers developed on Perez’s injured eye. His eye became infected, and doctors eventually had to remove it. Perez claims that administering Floxin Otic to his eye caused the condition of his eye to worsen and, thus, resulted in the loss of his eye.
¶ 5. Perez filed suit against UMC and Cardinal Health in the circuit court, asserting UMC and Cardinal Health were negligent and had breached their duty by not giving him the exact medication prescribed by his physician. Hartford Accident and Indemnity Company intervened to recover the workers’ compensation benefits it had paid to Perez as a result of Perez’s initial eye injury, which occurred during his employment with Mississippi Steel.
¶ 6. UMC and Cardinal Health filed a motion for summary judgment, claiming Perez failed to prove causation as to his injuries. Specifically, UMC and Cardinal Health maintained that the affidavit of Perez’s expert, Dr. David Berry, lacked sufficiency to prove that the dispensing of Floxin Otic instead of Ocuflox constituted the proximate cause of the harm to Perez’s eye. In support of their motion for summary judgment, UMC and Cardinal Health provided affidavits from three experts, as well as the package inserts for Floxin Otic and Ocuflox. The experts’ affidavits confirmed that the active ingredient in, and solutions for, Floxin Otic and Ocu-flox are medically and therapeutically identical. The experts explained that although Floxin Otic is approved, manufactured, and marketed for use in the ear, “Floxin Otic can be, and is, used interchangeably as an antibiotic for ears and eyes.”[2] Finally, the experts opined that Perez’s eye damage resulted from the initial injury caused by the hot molten steel, and not by his use of Floxin Otic.
¶ 7. Perez, however, relied on Dr. Berry’s affidavit to oppose the summary-judgment motion. In his affidavit, Dr. Berry acknowledged that the active ingredient in Ocuflox is the same as the active ingredient in Floxin Otic, but he contended that the solutions were different. UMC and Cardinal Health argued that Dr. Berry’s affidavit never identified how the solutions were different, and they claimed Dr. Berry never provided any reasons or evidence for his conclusion that use of Floxin Otic in the eye “more probably than not will cause eáustic damage to the eye.”
¶ 8. The circuit court agreed that Dr. Berry’s affidavit failed to sufficiently create a dispute as to causation with the factual foundation presented by UMC and Cardinal Health. The circuit court determined Dr. Berry had failed to identify how the two solutions differed. The circuit court also noted Dr. Berry had failed to *611 explain how and why using Floxin Otic instead of Ocuflox could injure Perez’s eye. The circuit court ultimately held that UMC and Cardinal Health met their summary-judgment burden by showing that no genuine issue of material fact existed since Perez could not prove causation — an essential element of his claim.
¶ 9. On August 21, 2009, the circuit court granted summary judgment in favor of UMC and Cardinal Health. Perez now appeals, claiming the circuit court erred when it granted summary judgment and dismissed Perez’s claims due to the court’s determination that he failed to produce probative evidence to establish the causation element for his negligence claim.
STANDARD OF REVIEW
¶ 10. This Court applies a de novo standard of review to the grant or denial of summary judgment by a trial court. Leffler v. Sharp, 891 So.2d 152, 156 (¶ 9) (Miss.2004). The evidence is considered in the light most favorable to the nonmoving party, and if the evidence shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. M.R.C.P. 56(c); Russell v. Orr, 700 So.2d 619, 622 (¶ 8) (Miss.1997).
DISCUSSION
¶ 11. Perez argues that a genuine issue of material fact exists as to whether the alleged erroneous dispensing of Floxin Otic caused injury to his eye. Perez argues that since Dr. Berry concluded Floxin Otic harmed Perez’s eye, and since UMC’s and Cardinal Health’s experts opined an opposing theory that Floxin Otic did not proximately cause Perez’s injury, then the circuit court in this case was confronted with a “battle of the experts,” which Perez claims a jury must decide. However, the circuit court held that Dr. Berry’s affidavit failed to provide sufficient support or substantiate his conclusions, and it failed to show causation. Thus, the circuit court found that Perez had failed to create a genuine issue of material fact as to causation.
¶ 12. It is well established that “[rjecovery in a negligence action requires proof by a preponderance of the evidence of the conventional tort elements: duty, breach of duty, proximate causation, and injury (i.e., damages).” Palmer v. Biloxi Reg’l Med. Ctr., Inc., 564 So.2d 1346, 1354 (Miss.1990). UMC and Cardinal Health submit that causation constitutes an essential element of a negligence claim, and they argue that Dr. Berry’s affidavit was insufficient to create a genuine issue of material fact on the causation element of Perez’s claim.
¶ 13. To survive summary judgment, the plaintiff must rebut the defendant’s claim that no genuine issue of material fact exists “by producing supportive evidence of significant and probative value; this evidence must show that the defendant breached the established standard of care and that such breach was the proximate cause of [the] injury.” Id. at 1355. The “party opposing the motion must by affidavit or otherwise set forth specific facts showing that there are indeed genuine issues for trial.” Id. at 1356 (citation omitted). “To have power to generate a genuine issue of material fact,” the affidavit must: (1) be sworn; (2) be made upon personal knowledge; and (3) show that the party providing the factual evidence is competent to testify. Id. In Dalton v. Cellular South, Inc., 20 So.3d 1227, 1234 (¶ 16) (Miss.2009), the Mississippi Supreme Court found an affidavit that lacked “foundation in fact as to how, when, and why” to be conclusory and, thus, insufficient for summary-judgment purposes.
*612 ¶ 14. After reviewing the record, we observe that in his affidavit, Dr. Berry-admitted “there is no argument that Ocu-flux and Floxin are in the same family of antibiotics and in fact have the same antimicrobial action in the manner in which they rid the body of ... bacteria.” However, Dr. Berry claimed that this fact does not make the solutions identical. Dr. Berry stated that while the Ocuflux and Floxin solutions were in fact similar, “the preparation itself is different in that [Floxin Otic] is prepared for use in the ear rather than the eye.” Dr. Berry stated that based on the difference in preparation for use, “an otic solution of this medication would be harmful if placed in the eye.” Dr. Berry further opined:
[I]f an otic solution of antibiotics is used in the eye it can and more probably than not will cause caustic damage to the eye.... Mr. Perez had extensive damage to his eye previously unrelated to any use of eye drops which makes it difficult to determine if any further damage was caused by the use of Floxin Otic. However, it would not be unreasonable to expect him to have damage to his eye as a result of the use of Floxin Otic solution.
¶ 15. We agree with the circuit court’s finding that Dr. Berry’s affidavit failed to sufficiently show or state causation. In his affidavit, Dr. Berry provided no evidentia-ry support for his conclusions. The record indeed reflects that the ingredients and formulations listed in the package inserts for Ocuflux and Floxin Otic are practically identical; however, Dr. Berry failed to provide any evidentiary support for his conclusion that the difference in the preparation of the two solutions would cause harm if Floxin Otic is used in the eye instead of the ear. Dr. Berry also never identified how the two solutions differed.
¶ 16. In Hubbard v. Wansley, 954 So.2d 951, 964 (¶ 42) (Miss.2007), the Mississippi Supreme Court affirmed a circuit court’s grant of summary judgment where a plaintiff failed to establish causation between Dr. Wansley’s alleged negligence and the plaintiffs injuries. In opposition to Dr. Wansley’s motion for summary judgment, the plaintiff submitted an affidavit from another physician, but the circuit court held the plaintiff “failed to establish a causal link between [the plaintiffs] injuries and Dr. Wansley’s alleged negligence”; thus, the court granted summary judgment in favor of Dr. Wansley. Id. Additionally, the supreme court has established that “[a] conclusory, self-serving affidavit, unsupported by material facts relevant to the proposition at issue, is insufficient as a basis to grant summary judgment.” Dalton, 20 So.3d at 1233-34 (¶ 14). We find Dr. Berry’s affidavit to be conclusory, as he failed to explain how or why using Floxin Otic instead of Ocuflux could have caused Perez’s eye injury. Therefore, his affidavit is insufficient to prove causation as to Perez’s eye injury.
¶ 17. Taking into consideration all of the evidence presented to the circuit court in this case, we find Perez failed to present evidence sufficient to create a genuine issue of material fact as to causation. Therefore, the circuit court properly granted summary judgment on the issue of causation, as Perez failed to establish a prima facie case. Accordingly, we affirm the circuit court’s grant of summary judgment in favor of UMC and Cardinal Health.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
*613 LEE, C.J., IRVING AND GRIFFIS, P JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.

. Cardinal Health manages the UMC pharmacy.

. This statement is from the affidavit of pharmacist Michael Todara.