CARLTON, J.,
for the Court:
¶ 1. Earnest Stribling appeals the Hinds County Circuit Court’s decision granting summary judgment in favor of Stirling Properties Inc. and Rushing’s Inc. (collectively, Rushing’s). Finding no error, we affirm.
FACTS
¶ 2. On November 26, 2008, Stribling and his girlfriend, Elizabeth Veal, entered the Piggly Wiggly on Meadowbrook Road in Jackson, Mississippi. While inside the store, Michael Bolden, a Piggly Wiggly store clerk, allegedly approached Stribling about purchasing a watch. Stribling ex *104 pressed interest in purchasing the watch, so Bolden walked outside into the parking lot. Stribling followed. Stribling alleges that when he arrived at Bolden’s car, Bol-den turned around and shot Stribling. As result of the incident, Stribling was hospitalized and underwent two surgeries.
¶ 3. On January 29, 2010, Stribling filed suit against Rushing’s, Inc., the owner and operator of the Piggly Wiggly store, and also Stirling Properties, Inc., on the theory of premises liability. In his complaint, Stribling alleged that Rushing’s, Inc. and Stirling Properties failed in their duty to make their premises reasonably safe and failed to take reasonable security precautions to protect their customers from foreseeable harm. Stribling also claimed that the negligent “actions and inactions” of Rushing’s, Inc. and Stirling Properties caused Stribling pain, suffering, and injuries.
¶4. Both Rushing’s, Inc. and Stirling Properties moved for summary judgment, which the circuit judge granted based on the lack of proof of either foreseeability or proximate cause. In his opinion, the circuit judge found that Stribling was an invitee. The circuit judge determined that Stribling failed to present evidence in support of his negligence claim sufficient to raise a dispute of material fact. The circuit judge also held that Stribling had failed to show any facts that would have placed Piggly Wiggly or Stirling Properties on notice, actual or constructive, that Bolden allegedly possessed a violent nature; that an atmosphere of violence existed on the premises; or that any danger to Stribling existed.
STANDARD OF REVIEW
¶ 5. We review the circuit court’s grant of summary judgment de novo. Byrne v. Wal-Mart Stores, Inc., 877 So.2d 462, 464 (¶ 3) (Miss.Ct.App.2003) (citing Young v. Wendy’s Int'l., Inc., 840 So.2d 782, 783 (¶ 3) (Miss.Ct.App.2003)). Summary judgment is proper when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Id. at 464-65 (¶ 3) (quoting Piggly Wiggly of Greenwood, Inc. v. Fipps, 809 So.2d 722, 725 (¶ 9) (Miss.Ct.App.2001)); M.R.C.P. 56(c). This Court views the evidence in the light most favorable to the nonmovant. Byrne, 877 So.2d at 465 (¶ 3) (citing Young, 840 So.2d at 784 (¶ 7)).
¶ 6. “To survive summary judgment, the non-moving party must offer ‘significant probative evidence demonstrating the existence of a triable issue of fact.’ ” Id. (quoting Young, 840 So.2d at 784 (¶ 5)). When a motion for summary judgment is made and supported:
an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in [Mississippi Rule of Civil Procedure 56], must set forth specific facts showing that there is a genuine issue for trial.
M.R.C.P. 56(e).
DISCUSSION
I. Premises Liability
¶ 7. Stribling argues that the circuit judge erred in granting summary judgment in favor of Rushing’s. He claims that sufficient facts existed to create a question for the jury on whether Rushing’s negligently breached a duty to Stribling and whether that negligent breach caused Stribling’s injuries. Stribling states that an employer may be liable to a third person for the employer’s negligence in hiring or retaining an incompetent or unfit em *105 ployee. Stribling alleges that the circuit court failed to consider or address Bol-den’s long list of arrests.
¶ 8. Stribling also claims that had Anderson Hayes, the manager at Piggly Wiggly, performed a criminal background check on Bolden prior to hiring him, Hayes would have discovered Bolden’s criminal record, which included arrests for several felonies. Stribling claims that Bol-den’s felony history would have prevented Hayes from hiring Bolden and placing Bol-den in a position to lure and shoot Stri-bling on November 26, 2008. Stribling argues that the circuit court should have allowed him to present his case to a jury to determine whether Rushing’s, through Hayes, was negligent in hiring Bolden, and whether Hayes’s negligence constituted the proximate cause of Stribling’s injuries.
¶ 9. The first step in a premises-liability action is to determine the status of the injured party. As stated, the circuit judge found that since Stribling entered Piggly Wiggly as a customer, Stribling thus constituted an invitee[1] for premises-liability purposes. In Mississippi, business owners possess a duty to invitees to exercise reasonable care to keep the business premises in a “reasonably safe condition.” Jacox v. Circus Circus Miss., Inc., 908 So.2d 181, 184 (¶ 7) (Miss.Ct.App.2005) (citing Jerry Lee’s Grocery, Inc. v. Thompson, 528 So.2d 293, 295 (Miss.1988)). In addition, a premises owner must employ reasonable care to protect an invitee from “reasonably foreseeable injuries at the hands of another.” Newell v. S. Jitney Jungle Co., 830 So.2d 621, 623 (¶ 6) (Miss.2002).
¶ 10. The Mississippi Supreme Court has explained that an assault on the premises is reasonably foreseeable if the defendant had either: (1) “actual or constructive knowledge of the assailant’s violent nature,” or (2) “actual or constructive knowledge an atmosphere of violence existed on the premises.” Id. at (¶ 7). In assessing the “atmosphere of violence” prong, the supreme court has stated that relevant factors include “the overall pattern of criminal activity prior to the event in question that occurred in the general vicinity of the defendant’s business premises,” and “the frequency of criminal activity on the premises.” Corley v. Evans, 835 So.2d 30, 38-39 (¶ 26) (Miss.2003) (quoting Gatewood v. Sampson, 812 So.2d 212, 220 (¶ 14) (Miss.2002)).
¶ 11. Rushing’s claims it neither knew nor had reason to believe Bolden possessed any dangerous qualities, and asserts that Stribling failed to raise facts to show any genuine issue of material fact in support of his claims for liability. The record shows that Bolden worked at Pig-gly Wiggly for more than a year without incident in his employment record. Rushing’s also argues that the record contains no evidentiary facts establishing that Bol-den acted while in the course and scope of his employment at Piggly Wiggly, stating that prior to the confrontation in the parking lot, Bolden had clocked out and left Piggy Wiggly at his usual time for the day. Rushing’s further submits that the incident allegedly occurred outside of the store (in the parking lot), and therefore no evidence exists supporting Stribling’s claim that the incident occurred on the actual premises owned and operated by Rushing’s.
¶ 12. In his order granting summary judgment, the circuit judge found:
*106 [Stribling] has failed to show that there was a confrontation or even an argument between Bolden and Stribling inside the store, or any other facts, that would have put Piggly Wiggly or Stirling Properties on notice, actual or constructive, that Bolden allegedly had a violent nature, that an atmosphere of violence existed on the premises[,] or that there was any danger to [Stribling], The affidavit of Dr. Michael Clay Smith, [Stribling’s] expert witness, failed to identify any facts that would place Pig-gly Wiggly on notice of a potential danger to Stribling so as to create any duty to take any further action to protect its patrons, including [Stribling], from Bol-den’s potential conduct.
This Court further finds that [Stribling] failed to establish legally sufficient proof that any alleged breach of duty by [Rushing’s] was the proximate cause of the injuries to [Stribling],
¶ 13. After reviewing the evidence in the light most favorable to Stribling, the nonmovant, we find no error in the circuit judge’s determination that Stribling failed to show any genuine issue of material fact in support of his argument that the incident took place on premises owned or controlled by Rushing’s; that Bolden’s conduct or a dangerous situation was reasonably foreseeable to Rushing’s at the time; or that Rushing’s negligently breached its duty to Stribling, the invitee.
II. Failure to Train
¶ 14. Stribling next claims that he is entitled to a jury trial on the issue of whether Rushing’s negligence in allegedly failing to train Bolden proximately caused Stribling’s injuries. Specifically, Stribling argues that Rushing’s negligently failed to train Bolden in customer relations, and thus Bolden took advantage of his job and used his position as an opportunity to “peddle his own wares” to customers at Piggly Wiggly.
¶ 15. Stribling cites to the United States Court of Appeals for the Fifth Circuit case of Foradori v. Harris, 523 F.3d 477 (5th Cir.2008), in support of his argument. In Foradori, an off-duty Captain D’s restaurant employee challenged a customer, Michael Foradori, to a fight. Id. at 481-82. The two engaged in a fifteen to twenty minute loud and heated verbal argument inside the restaurant. Id. at 482. Unlike the present case, the manager in Foradori heard and observed the confrontation. Id. The manager ordered the employee and Foradori outside. Id. As soon as Foradori reached the edge of the parking lot, another restaurant employee unexpectedly punched Foradori from behind. Id. at 491. Foradori’s fall from an elevated embankment rendered him unconscious and resulted in him breaking his neck. Id. at 482. The Fifth Circuit ultimately found:
Captain D’s had a duty to control its off-duty employees ... so as to protect patrons like Foradori from any foreseeable unreasonable risk of harm created by those employees, because those employees’ conduct occurred on Captain D’s premises, and the jury reasonably could have found that Captain D’s manager knew or had reason to know that she had the ability to control them, and knew or should have known of the necessity and opportunity for exercising such control.
Id. at 492. In its analysis, the Fifth Circuit further stated:
[A]n employer who engages in an enterprise is under a duty to anticipate and to guard against the reasonably expected human traits and episodes of its employees within its industry to prevent undue risk of harm to third persons or to other employees; and is likewise required to make such reasonable regulations as the size or complexity of its business may require.
*107 Id. at 494. Under this authority, the Fifth Circuit held the district court properly submitted to the jury the issues of Captain D’s alleged failure to adequately train, supervise, and regulate its employees, as well as its alleged failure to control the actions of its employee. Id. at 491, 494-97.
¶ 16. Regarding the present case, we find significant that the Foradori court held that reasonable minds could differ over the question of whether Captain D’s acts or omissions resulted in a foreseeable harm. Id. at 496-97. Foradori’s facts are clearly distinguishable from those before us. In Foradori, there was no factual dispute that the employee “challenged Fo-radori to a fight in full view and hearing of [the restaurant manager] inside the restaurant for 15 to 20 minutes[.]” Id. at 491. The manager in Foradori also ordered the two to go outside “without investigating, intervening or taking any precaution to protect Foradori.” Id. The manager in Foradori possessed awareness of the employee’s confrontation before sending the employee and Foradori outside of the restaurant, thereby creating a foreseeable risk of harm to Foradori by that off-duty employee. Id. at 496-97.
¶ 17. In the present case, Bolden’s criminal history contained in the record before us reflects that Bolden was not convicted of any of the charges in his prior arrests. The record also contains no evidence that Bolden was ever convicted of any crimes prior to being hired by Piggly Wiggly, or prior to the subject incident. Further, the Mississippi Criminal History Record provided to us reflects that none of the listed prior arrests against Bolden concerned any violent conduct, crimes against a person, or felony charges prior to his employment at Piggy Wiggly. In Holmes v. Campbell Properties, Inc., 47 So.3d 721 (Miss.Ct.App.2010), this Court addressed a similar issue wherein the appellant asserted a claim of negligent hiring and failure to adequately train employees. The Holmes court distinguished its facts from Foradori and found that summary judgment was proper where the employer “had no reason to know or anticipate its employee would behave in ... a violent manner”; “no contradicting evidence of prior actual or constructive knowledge of [the employee’s] violent nature”; and no “indication of any actual or constructive knowledge that an atmosphere of violence existed at the [place of employment].” Id. at 729 (¶ 28).
¶ 18. Taking all evidence in the light most favorable to Stribling, we find no error in the circuit judge’s finding that no genuine issue of material fact existed to support Stribling’s negligence claims. The record reflects that Stribling failed to present evidence sufficient to raise a genuine issue of material fact. , Stribling provided no facts showing that Hayes failed to adequately train, supervise, or regulate Bolden; or that Rushing’s knew or should have known of a foreseeable unreasonable risk of harm to others created by Bolden. Accordingly, we affirm the circuit court’s grant of summary judgment in favor of Rushing’s.
¶ 19. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.

. In Hoffman v. Planters Gin Co., 358 So.2d 1008, 1011 (Miss.1978), the Mississippi Supreme Court held "[a]s to status, an invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage."