CARLTON, J.,
for the Court:
¶ 1. Tyrone and Annie Thornton appeal the Panola County Circuit Court’s grant of summary judgment in favor of Big M Transportation Company. The Thorntons argue that the circuit court erred in granting Big M Transportation’s summary-judgment motion for the following reasons: (1) the motion for summary judgment was untimely filed; (2) the motion for summary judgment failed to comply with Rule 4.03 of the Uniform Rules of Circuit and County Court; and (3) genuine issues of material fact still exist. Finding no error in the circuit court’s grant of summary judgment, we affirm.
FACTS
¶ 2. On May 6, 2009, while driving from Wisconsin to Alabama, Tyrone collided with a tractor-trailer rig parked in the middle of the highway between Batesville, Mississippi, and Oxford, Mississippi. According to the evidence in the record, the collision occurred between 3:30 a.m. and 3:55 a.m.[1] The rig parked in the middle of the highway, Unit 279, belonged to Big M Transportation. Ricardo Virges, an employee of Big M Transportation at the time of the accident, testified that he parked Unit 279 at Big M Transportation’s headquarters in Hickory Flat, Mississippi, during the early morning hours of May 6, 2009. Virges further testified that, after dropping off Unit 279, he drove about two and a half hours to Bruce, Mississippi, to spend the night at an apartment he shared with Keena Owens Virges.[2]
¶ 3. For her part, Keena testified that she awoke around 2 a.m. to several missed phone calls from Virges and to Virges banging on her apartment door. Keena let Virges into the apartment, and the couple went to sleep. When Keena woke up at 5 a.m. to get ready for nursing school, she testified that Virges was still asleep.
¶ 4. Following the collision involving Unit 279, Big M Transportation retrieved data from a satellite tracking device installed on the rig. Consistent with Virg-es’s deposition testimony, the satellite-tracking records indicated that Virges dropped off Unit 279 around 12:43 a.m. on May 6, 2009. The records further indicated that the rig later exited Big M Transportation’s parking lot at 1:38 a.m.
¶ 5. When Tommy Johnson, Big M Transportation’s safety director, arrived at work on May 6, 2009, he contacted the Benton County Sheriffs Department to report that Unit 279 had been stolen. According to Johnson’s affidavit, when Unit 279 left Big M Transportation’s premises at 1:38 a.m. the morning of the collision, the rig was not authorized to do so and was not “on or about the business of Big M *395 [Transportation].” Tyrone also provided deposition testimony regarding the accident. When asked whether he had any idea “if there was anybody there [at the crash site] with [Unit 279],” Tyrone answered that he did not see anyone, including a driver, around the rig.
¶ 6. Tyrone and his wife, Annie, filed a negligence suit against Big M Transportation and John Doe in Panola County Circuit Court. The circuit court judge entered an agreed order, which established November 1, 2010, as the deadline for filing all motions other than motions in limine. After the November 1, 2010 deadline passed, the Thorntons filed a second complaint on December 28, 2010, against Virges alone, alleging that Virges was the driver designated in their first complaint as “John Doe.” The circuit court later allowed the Thorntons’ two complaints to be consolidated.
¶ 7. Following a status conference on July 27, 2011, the circuit court entered an order that established July 29, 2011, as the new deadline for filing additional motions, including any motion by the Thorntons to amend their complaint. On August 4, 2011, several days after the deadline set by the circuit court judge, the Thorntons filed a motion to amend their complaint. The Thorntons sought to add a second John Doe and Mississippi Farm Bureau Casualty Insurance Company as defendants and to add causes of action for negligent security, general negligence, and negligence per se.
¶ 8. On August 15, 2011, the circuit court granted the Thorntons’ motions to amend their complaint and to substitute Virges for one of the “John Does.” During the status conference held on August 15, 2011, the Thorntons’ attorney stated that there would be additional discovery and motions for summary judgment after the complaint was amended. At the status conference held on August 30, 2011, the circuit court judge informed the parties that he would let them “handle the case until discovery was complete or until there was additional need for the [c]ourt’s involvement.”
¶ 9. On November 29, 2011, Farm Bureau filed a motion for summary judgment, which the circuit court granted. On March 26, 2012, Virges filed a motion for summary judgment, and on May 7, 2012, Virges filed an amended motion for summary judgment. The circuit court entered an order on October 19, 2012, granting summary judgment in favor of Virges. Big M Transportation then filed its motion for summary judgment on December 5, 2012, and its memorandum of authorities on January 28, 2013. The circuit court granted summary judgment in favor of Big M Transportation on May 17, 2013. Aggrieved by the circuit court’s grant of summary judgment to Big M Transportation, the Thorntons appeal to this Court.
STANDARD OF REVIEW
¶ 10. We review a circuit court’s grant or denial of summary judgment de novo. Sribling v. Rushing’s, Inc., 115 So.3d 103, 104 (¶ 5) (Miss.Ct.App.2013). “This Court views the evidence in the light most favorable to the nonmovant.” Id. (citation omitted). “To survive summary judgment, the non-moving party must offer significant probative evidence demonstrating the existence of a triable issue of fact.” Id. (citation and internal quotation marks omitted). Furthermore, where the moving party has provided support for his motion for summary judgment, the “adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Mississippi Rule of Civil Procedure 56, must set forth specific facts showing that there is a genuine issue for trial.” Id. at (¶ 6) *396 (citing M.R.C.P. 56(e)). Where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[,]” summary judgment is proper. M.R.C.P. 56(c).
DISCUSSION
I. The motion for summary judgment was untimely filed.
¶ 11. In their first assignment of error, the Thorntons argue that the circuit court erred in granting summary judgment because Big M Transportation’s motion was untimely filed and failed to comply with the deadlines set by the circuit court. With regard to this issue, however, the Thorntons fail to cite any relevant caselaw that would support their argument, and as the Mississippi Supreme Court has held, the “[fjailure to cite relevant authority obviates the appellate court’s obligation to review such issues.” Bell v. State, 879 So.2d 423, 434 (¶ 28) (Miss.2004) (citations omitted).
¶ 12. The procedural bar notwithstanding, this Court finds that the Thorntons’ claim lacks substantive merit. The Thorn-tons assert that Big M Transportation’s motion for summary judgment, which was filed on December 3, 2012, was more than a year after the July 29, 2011 deadline set by the circuit court. However, in addressing the Thorntons’ assertions that the motion for summary judgment was untimely, the circuit court judge noted that the Thorntons also filed their amended complaint several days after the July 29, 2011 deadline and that they failed to object to Virges’s motion for summary judgment, which was also filed after the deadline.
¶ 13. In his order granting Big M Transportation’s summary-judgment motion, the circuit court judge noted that he gave the parties no additional deadlines after the Thorntons filed their amended complaint on August 4, 2011. Instead, the circuit court judge told the parties that he would let them “handle the case until discovery was complete or until there was additional need for the [cjourt’s involvement.” The circuit court judge also noted that at the status conference held on August 15, 2011, the Thorntons’ attorney “actually stated there would be discovery and motions for summary judgment after the complaint was amended.” Based on the record, the circuit court judge therefore found:
[I]t would be disingenuous for an amended complaint to be allowed to be filed[,] adding additional claims and parties, but no motions be allowed after such amended complaint. According to the record, it was contemplated by the parties that such motions would be filed. Therefore, the [cjourt finds that the motion [for summary judgment] is not untimely.
¶ 14. Based on the facts in the record, we find that Big M Transportation’s motion for summary judgment was not untimely filed. As noted by the circuit court’s order, despite the motions deadline set by the circuit court, the Thorntons filed their amended complaint after the deadline passed. In addition, the Thorntons’ attorney specifically stated that additional discovery and motions for summary judgment would be filed after the Thorntons’ complaint was amended. The record also reflects that the Thorntons failed to object to Virges’s summary-judgment motion even though it was also filed after the deadline. In light of these facts, we agree with the circuit court’s determination that Big M Transportation’s summary-judgment motion was not untimely filed. Accordingly, this assignment of error lacks merit.
*397 II. The motion for summary judgment failed to comply with Rule 4.03 of the Uniform Rules of Circuit and County Court.
¶ 15. The Thorntons also argue that the circuit court erred in granting summary judgment because Big M Transportation’s motion failed to comply with the requirements of Rule 4.03. In pertinent part, Rule 4.03(2) provides:
In circuit court a memorandum of authorities in support of any motion to dismiss or for summary judgment shall be mailed to the judge presiding over the action at the time that the motion is filed- Movants for summary judg-
ment shall file with the clerk as a part of the motion an itemization of the facts relied upon and not genuinely disputed and the respondent shall indicate either agreement or specific reasons for disagreement that such facts are undisputed and material.
¶ 16. As reflected in the record, Big M Transportation filed its motion for summary judgment on December 5, 2012, but did not file its memorandum of authorities at the same time. Instead, Big M Transportation filed its memorandum of authorities over a month later on January 28, 2013. In his order granting summary judgment to Big M Transportation, the circuit court judge found that, although not filed in strict compliance with Rule 4.03, Big M Transportation’s memorandum of authorities was filed over three months before the hearing on the summary-judgment motion. The record also establishes that the Thorntons possessed the opportunity to respond to the memorandum of authorities and that they did, in fact, file a response on February 11, 2013. Therefore, in the interests of justice and judicial economy, the circuit court denied the Thorntons’ motion to strike the memorandum of authorities.
¶ 17. Other than Rule 4.03, the Thorn-tons cite no authority in support of their claim that the failure to simultaneously file the memorandum of authorities should prove fatal to Big M Transportation’s request for summary judgment. In reviewing applicable easelaw, we find that, in Braddock Law Firm, PLLC v. Becnel, 949 So.2d 38, 46-47 (¶¶ 29-31) (Miss.Ct.App. 2006), this Court held that the chancellor possessed the discretion to look past the defendants’ failure to technically comply with Rule 4.03(2) where the purposes of the rule were still satisfied.[3]
¶ 18. After reviewing the record in this case, we find that Big M Transportation’s summary-judgment motion failed to strictly comply with Rule 4.03(2)’s requirements. Despite this failure, however, the record reflects that the purposes of Rule 403 were still fulfilled. See Braddock Law Firm, 949 So.2d at 46-47 (¶¶ 29-31).[4] The *398 delay in filing did not “unfairly sandbag” the circuit court with “unadvertised factual issues” or force the circuit court judge to “ferret” through the record to discern the materially disputed facts. See Estate of Jackson v. Miss. Life Ins. Co., 755 So.2d 15, 22 (¶ 28) (Miss.Ct.App.1999).
¶ 19. In addition, as the circuit court judge noted in his order, Big M Transportation filed its memorandum of authorities more than three months before the hearing on its motion for summary judgment. Therefore, even with the filing delay, the Thorntons possessed ample time prior to the hearing to reply to Big M Transportation’s memorandum. Furthermore, because Big M Transportation had already filed its summary-judgment motion, the Thorntons were not unfairly surprised by the subsequent filing of the memorandum of authorities.
¶ 20. Because the failure to strictly comply with Rule 4.03(2) resulted in no unfair prejudice to the Thorntons or contravention of the purposes of Rule 4.03, we agree with the circuit court judge that the interests of justice and judicial economy were best served by considering Big M Transportation’s memorandum of authorities. As a result, we find no reversible error in the circuit court’s decision to grant summary judgment in favor of Big M Transportation. See Faul v. Perlman, 104 So.3d 148, 157 (¶ 31) (Miss.Ct.App. 2012) (discussing the application of the harmless-error rule to violations of a procedural rule’s mandatory requirements). As a result, this argument lacks merit.
III. Genuine issues of material fact still exist.
¶ 21. In their final assignment of error, the Thorntons assert that the circuit court erred in granting Big M Transportation’s motion for summary judgment because genuine issues of material fact still exist.
a. A genuine issue of material fact remains as to whether Big M Transportation’s rig was stolen by an unknown and unauthorized third party.
¶ 22. The Thorntons contend that, due to Virges’s unaccounted whereabouts between 3 a.m. and 5 a.m. the morning of the accident, a genuine issue of material fact exists as to whether Unit 279 was stolen or was negligently left in the highway by Virges. As previously stated, this Court applies a de novo standard of review and views the evidence in the light most favorable to the Thorntons, the party opposing the summary-judgment motion. See Striding, 115 So.3d at 104 (¶ 5). “To survive summary judgment, [however,] the [Thorntons] must offer significant probative evidence demonstrating the existence of a triable issue of fact.” Id. (citation and internal quotation marks omitted).
¶ 23. After reviewing the record, we find that no genuine issue of material fact exists regarding this issue. The record reflects that Big M Transportation presented evidence that Virges was in Bruce at the time of the collision and that an unknown and unauthorized third party stole Unit 279. The data from Unit 279’s tracking device indicated that Virges parked the rig at Big M Transportation’s headquarters at 12:43 a.m. but that the rig again exited the parking lot at 1:38 a.m. This information corroborated Virges’s deposition testimony that he dropped off the rig in the early morning hours on May 6, 2009.
*399 ¶ 24. Virges further testified that, after dropping off the rig, he drove about two and a half hours to Bruce, where he spent the rest of the night at Keena’s apartment. Keena further corroborated this version of events, testifying that she awoke around 2 а.m. to Virges banging on her apartment door. Keena testified that she let Virges inside the apartment and that the couple went to sleep. When Keena awoke around 5 a.m., Virges was still beside her in bed. As the record reflects, the Thorntons failed to present any evidence demonstrating the existence of a triable issue of fact regarding Virges’s account of his whereabouts in the early morning hours of May б, 2009. See Stribling, 115 So.3d at 104 (¶5).
¶ 25. In addition to the testimony provided by Virges and Keena, Big M Transportation presented the affidavit of its safety director, Johnson. When Johnson arrived at work the morning of the collision and noticed Unit 279’s absence, he contacted law enforcement to report the rig as stolen. According to Johnson’s affidavit, Unit 279 was not authorized to leave Big M Transportation’s lot at 1:38 a.m. Johnson further stated that the rig exited the lot without the permission, knowledge, or consent of Big M Transportation and was therefore not “on or about” Big M Transportation’s business when the collision occurred. As additional evidence in support of its summary-judgment motion, Big M Transportation presented the offense report Johnson filed with the sheriffs department.
¶ 26. Because Big M Transportation provided support for its summary-judgment motion, the Thorntons were precluded from resting upon mere allegations or denials of Big M Transportation’s pleadings and were required to present specific facts to demonstrate that a genuine issue of material fact existed. See Stribling, 115 So.3d at 104 (¶ 6). As the record reflects, however, the Thorntons failed to satisfy this burden. According to Tyrone’s deposition testimony, he saw no one else at the crash site. Thus, other than their bare allegations, the Thorntons fail to offer any specific evidence or facts to show that Virges or another Big M Transportation employee negligently left Unit 279 parked in the highway. Because the Thorntons fail to offer any significant probative evidence as to whether Unit 279 was stolen by an unauthorized third party, we find that this issue lacks merit,
b. A genuine issue of material fact remains as to whether Big M Transportation’s negligent security put in motion the events leading to the collision.
¶ 27. As an alternative argument, the Thorntons assert that a genuine issue of material fact exists as to whether Big M Transportation’s negligent security put in motion the events resulting in both the collision and Tyrone’s injuries. In his order granting summary judgment to Big M Transportation, the circuit court judge addressed this argument. Even giving the Thorntons the benefit of the doubt that negligent security set events in motion, the circuit court determined that no genuine issue of material fact existed. The circuit court judge found that the Thorntons failed to establish proximate cause, a necessary element of their claim, since the intervening act of a thief superseded any negligence by Big M Transportation.[5]
¶28. “It is well established that recovery in a negligence action requires *400 proof by a preponderance of the evidence of the conventional tort elements: duty, breach of duty, proximate causation, and injury (i.e., damages).” Perez v. Univ. of Miss. Med. Ctr., 75 So.3d 609, 611 (¶ 12) (Miss.Ct.App.2011) (citation and internal quotation marks omitted). Our caselaw also provides the following:
To survive summary judgment, the plaintiff must rebut the defendant’s claim that no genuine issue of material fact exists by producing supportive evidence of significant and probative value; this evidence must show that the defendant breached the established standard of care and that such breach was the proximate cause of the injury.
Id. at (¶ 13) (citation and internal quotation marks omitted).
¶ 29. With regard to proximate cause, this Court has stated:
Proximate cause is a concept which is more accurately defined by reference to the distinct concepts of which it is comprised, which are: (1) cause in fact; and (2) foreseeability. Cause in fact means that the act or omission was a substantial factor in bringing about the injury, and without it the harm would not have occurred. Foreseeability means that a person of ordinary intelligence should have anticipated the dangers that his negligent act created for others.
Davis v. Christian Bhd. Homes of Jackson, Miss. Inc., 957 So.2d 390, 404 (¶32) (Miss.Ct.App.2007) (internal citations and quotation marks omitted).
¶ 30. Our supreme court has held that “a person is not liable where the original negligence only furnished the condition or occasion from which the injuries were received, but it did not put in motion the negligence and wrongful agency that caused the injury.” Mitchell Crane Sens., Inc. v. Page, 126 So.3d 29, 32 (¶ 13) (Miss.2013) (citation and internal quotation marks omitted). Mississippi caselaw also clearly provides that a thiefs actions can serve as an intervening and superseding cause.[6]
¶ 31. For example, in Southern Heritage Insurance Co. v. C.E. Frazier Construction Co., 809 So.2d 668, 672 (¶ 10) (Miss.2002), the supreme court held that, “[w]here a thief acts unlawfully and steals [a] vehicle, the thiefs negligent and unlawful driving of the vehicle after the theft constitutes an intervening act which supersedes the liability of the negligent owner of the vehicle.” However, our precedent also provides that foreseeability is vital when determining whether a criminal act is a superseding intervening cause. Williams ex rel. Raymond v. Wal-Mart Stores E., L.P., 99 So.3d 112, 117-18 (¶19) (Miss. 2012). Our supreme court “repeatedly has stated that[,] generally, criminal acts can be intervening causes which break the causal connection with the defendant’s negligent act, if the criminal act is not within the realm of reasonable foreseeability.” Id. at 118 (¶ 19) (citations and internal quotation marks omitted).
¶ 32. We recognize on appeal that, like the circuit court judge, this Court views the evidence in the record in the light most favorable to the Thorntons. See Stribling, 115 So.3d at 104 (¶ 5). Even if, as the Thorntons claim, Big M Transportation was negligent in providing security for its rig, we find no error in the circuit court’s determination that the Thorntons failed to prove that Big M Transportation’s negligence proximately caused the collision and Tyrone’s injuries.
*401 ¶ 33. The record instead reflects that the actions of an unauthorized and unknown third party, who stole and negligently drove Unit 279, fell outside the realm of reasonable foreseeability. The record contains no evidence to indicate that a similar incident had previously occurred or that Big M Transportation should have possessed any indication that one of its rigs would be stolen and negligently driven the morning of May 6, 2009. The record also reflects that, other than their bare assertions, the Thorntons offered no evidence to contradict Big M Transportation’s proof that Unit 279 was stolen and was unauthorized to be in the middle of the highway at the time of the collision.
¶ 34. Upon review, we find that the third party’s act of stealing Big M Transportation’s rig constituted “a criminal act, beyond mere negligence.” Williams ex rel. Raymond, 99 So.3d at 120 (¶ 29). Furthermore, nothing in the record indicates that, at the time of the theft, Big M Transportation had reason to believe that such criminal activity would occur. Because the theft and negligent driving of Unit 279 fell outside the realm of reasonable foreseeability, any negligence by Big M Transportation failed to constitute a proximate cause of the collision and Tyrone’s resulting injuries. Instead, we find that the unknown and unauthorized third party’s criminal actions amounted to an intervening cause that superseded Big M Transportation’s liability.[7] As a result, we find no error in the grant of summary judgment to Big M Transportation. This argument lacks merit.
¶ 35. THE JUDGMENT OF THE PA-NOLA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. Tyrone testified that the wreck occurred sometime after 3:30 a.m. on May 6, 2009, and the Mississippi Highway Patrol's accident report indicated that the accident was reported at 3:55 a.m. on May 6, 2009.

. Virges and Keena were dating at the time of the accident, but since that time, they have gotten married.

. See also Faul v. Perlman, 104 So.3d 148, 153 (¶ 13) (Miss.Ct.App.2012) (finding “the circuit court’s failure to follow the mandatory requirements of Rules 56 and 4.03 [to be] harmless error” where no material factual dispute existed and there was no evidence that the party abandoned her summary-judgment motion); Otts v. Lynn, 955 So.2d 934, 942-43 (¶¶ 33-35) (Miss.Ct.App.2007) (finding no merit to the appellant's claim that the appellee’s summary-judgment motion failed to comply with the mandatory requirements of Rule 4.03); Estate of Jackson v. Miss. Life Ins. Co., 755 So.2d 15, 22-23 (¶¶ 27-33) (Miss.Ct.App. 1999) (finding that, where the purposes of Rule 4.03 were still satisfied, the party’s failure to strictly comply with the rule did not constitute a procedural waiver of the contested facts).

. See also Estate of Jackson, 755 So.2d at 22 (¶ 28) (stating that the purposes of a rule similar to Rule 4.03 included the following: "laying out the material facts in dispute clearly for a district court that is swamped with an overwhelming number of civil and criminal dispositive motions”; avoiding "the recurrent problem of ferreting through the record”; *398 and avoiding "the specter of district judges being unfairly sandbagged by unadvertised factual issues” (citations omitted)).

. See generally Davis v. Christian Bhd. Homes of Jackson, Miss. Inc., 957 So.2d 390, 404 (¶ 32) (Miss.Ct.App.2007) (discussing the concepts of proximate cause, cause in fact, and foreseeability).

. See S. Heritage Ins. Co. v. C.E. Frazier Constr. Co., 809 So.2d 668, 671-72 (¶ 10) (Miss.2002); Permenter v. Milner Chevrolet Co., 229 Miss. 385, 404, 91 So.2d 243, 252 (1956); Harrington v. L & B Wood, Inc., 883 So.2d 591, 594 (¶ 13) (Miss.Ct.App.2004).

. See S. Heritage Ins. Co., 809 So.2d at 671-72 (¶ 10); Fermenter, 229 Miss, at 404, 91 So.2d at 252; Harrington, 883 So.2d at 594 (¶ 13).