# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00292-COA

**M. HAYES HUNT**                                                                 **APPELLANT**

**v.**

**MICHAEL C. ALLEN**                                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/11/2018 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CHARLES HAYS BURCHFIELD |
| | KARSUNN EZEKIEL MOORE |
| ATTORNEY FOR APPELLEE: | J. NILES McNEEL |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 03/03/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., GREENLEE AND McDONALD, JJ.

### BARNES, C.J., FOR THE COURT:

¶1. On September 12, 2013, M. Hayes Hunt conveyed real property located at 340 Tom Street, Sturgis, Mississippi, to his daughter, Brittany Allen. The deed was recorded in Oktibbeha County on the same day. On December 7, 2015, Brittany conveyed a "Quick Claim Deed" for the same property to Hunt. However, before that deed was recorded (on February 3, 2016), Brittany conveyed the same property to her husband, Michael Allen, on December 9, 2015, by warranty deed, which was recorded in Oktibbeha County on the same day.[1]

---

[1] The record indicates that the couple was later granted a divorce on October 11, 2018.

¶2.    On January 20, 2016, Michael filed a civil declaration with the Oktibbeha County Justice Court, requesting Hunt's eviction from the subject property. On February 24, 2016, the justice court entered its judgment and evicted Hunt from the property. Hunt immediately appealed from the justice court's judgment to the Oktibbeha County Circuit Court. On August 23, 2017, the circuit clerk moved to dismiss the action for want of prosecution. Hunt's counsel filed an appearance and requested that a court date be set for the matter.

¶3.    In the meantime, on March 7, 2016, Michael and Brittany had filed a complaint in Oktibbeha County Chancery Court, requesting that the "Quick Claim Deed" Brittany executed in favor of her father be declared void and that title be confirmed in Michael. The complaint alleged that (1) the December 7 deed was executed under duress and threat of bodily harm; (2) there was no consideration given; and (3) it was signed without proper notarization. After a trial held on December 13, 2016, and January 11, 2018, the chancery court issued its opinion and final judgment on April 16, 2018. The chancery court determined that the December 7 deed from Brittany to Hunt was signed under duress, was not supported by any consideration, and was not properly notarized because Brittany did not sign the deed in the presence of a notary public.[2] Therefore, the court declared the deed void and set it aside. With there being no challenge to the validity of the December 9 deed from Brittany to Michael, the court held that deed was valid, and title to the property vested in

_____

[2] The chancery court's findings indicated that Hunt and Brittany's brother "ambushed" her, withheld her cell phone from her, and forced her to sign the "quick claim deed" before they would let her leave the premises.

2

Michael. Hunt filed a motion for a new trial, which the chancery court denied on June 14, 2018.

¶4. On September 27, 2018, Michael filed a motion for summary judgment with the Oktibbeha County Circuit Court, noting the chancery court's April 2018 order and alleging that there were no other issues or defenses to prohibit Hunt's eviction from the property. In response, Hunt argued that Michael had failed to file the required memorandum of authorities under Uniform Civil Rule of Circuit and County Court 4.02(2) and that genuine issues of material fact existed as to whether Michael had lawful grounds to evict Hunt and had given Hunt "proper notice regarding the eviction." After a hearing, the circuit court granted Michael's motion for summary judgment on December 11, 2018, finding that "no genuine issue of material fact exists as to whether [Michael] owned the property in question" and that nothing indicated Hunt "had a lawful reason to be on the premises."

¶5. Hunt filed a Mississippi Rule of Civil Procedure 59 motion to alter or amend the judgment on December 20, 2018, in which he contended that Michael had failed to provide him with thirty-days' notice that his tenancy was being terminated, as required by Mississippi Code Annotated section 89-8-19(3) (Rev. 2011). He also noted that Brittany and Michael had been granted a divorce two months before the court's judgment and that Brittany became a joint owner of the property; so Brittany should have been added as a necessary party to the action.[3] The circuit court denied Hunt's motion.

---

[3] The divorce decree ordered Michael to execute a warranty deed conveying the property to himself and Brittany as joint tenants with rights of survivorship.

¶6.     Appealing from the circuit court's judgment, Hunt reasserts his claims that Michael

failed to submit a memorandum of authorities with his motion for summary judgment and

failed to provide him with proper notice.[4]  Finding no error in the circuit court's grant of

summary judgment, we affirm.[5]

## DISCUSSION

### I.      Whether the circuit court erred in granting the motion for summary judgment.

¶7.     Hunt argues that the circuit court erred in granting summary judgment for Michael

because there was a genuine issue of material fact whether Michael complied with certain

statutes involving Hunt's right to notice of the termination of tenancy and because Michael

failed to file a memorandum of authorities, making his summary judgment motion improper.

A circuit court's decision to grant summary judgment is reviewed de novo.  *Robinson v.*

*Robinson Prop. Grp. Corp.*, 274 So. 3d 952, 956 (¶11) (Miss. Ct. App. 2019).  Under Rule

56(c) of the Mississippi Rules of Civil Procedure, a party may be granted summary judgment

when "the pleadings, depositions, answers to interrogatories and admission on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that

---

[4] We think it is important to clarify that Hunt is not appealing from the chancery court's April 16, 2018 order, which rendered the December 7 deed void and vested ownership of the property in Michael.

[5] Hunt also claims for the first time on appeal that a genuine issue of material fact exists with respect to several other statutes regarding notice requirements for termination of tenancy.  As we note in our discussion, these claims were not raised before the trial court; as such, they are procedurally barred from consideration on appeal.

4

the moving party is entitled to a judgment as a matter of law." "The burden is on the moving party to establish that there is no material issue of fact, and the evidence must be viewed in the light most favorable to the non-moving party." *Maxwell v. Baptist Mem'l Hosp.-Desoto Inc.*, 958 So. 2d 284, 287 (¶14) (Miss. Ct. App. 2007).

¶8. Specifically, Hunt contends there was a genuine issue of material fact as to whether Michael complied with sections 89-7-23, 89-7-29, 89-7-31, 89-8-9, and 89-8-19(3) of the Mississippi Code Annotated (Rev. 2011). However, Hunt's motion to alter or amend the judgment only claimed that he failed to receive proper notice under section 89-8-19(3), which provides that "[t]he landlord or the tenant may terminate a month-to-month tenancy by a written notice given to the other at least thirty (30) days prior to the termination date." Miss. Code Ann. § 89-8-19(3). The claims that Michael failed to comply with the other statutes were never brought before the circuit court. "It is well-settled that issues presented for the first time on appeal are procedurally barred from consideration." *Lewis v. Forest Family Practice Clinic P.A.*, 124 So. 3d 654, 658 (¶16) (Miss. 2013). Hunt has also failed to make any substantive argument with regard to those claims on appeal.

¶9. Furthermore, Hunt's claim that he did not receive proper notice under section 89-8-19(3) rests solely on his assertion that at the time the summons and civil declaration were posted on his door on January 27, 2016, he was the owner of the subject property. His reasoning for this argument is that it was not until the chancery court's April 2018 order, setting aside the December 7 deed from Brittany to Hunt, that Michael became the property

5

owner. He cites no authority to support his argument. "Failure to cite legal authority in support of an issue is a procedural bar on appeal." *Herrin v. Perkins*, 282 So. 3d 727, 733 (¶21) (Miss. Ct. App. 2019). Nevertheless, we find no merit to Hunt's claim. The chancery court found that the December 7 deed was void and unenforceable due to duress in its inducement and set the deed aside. As such, the deed was null from the beginning; therefore, Michael was the property owner as of December 9, 2015. *See Greenwood v. Young*, 80 So. 3d 140, 146 (¶15) (Miss. Ct. App. 2012) (holding that the chancellor's setting aside of a warranty deed as void meant the deed "was void from the beginning, and the Youngs received no rights to the property from the warranty deed").

¶10. Hunt also contends that Michael failed to submit a memorandum of authorities in support of the motion for summary judgment, as required by Rule 4.02(2), which provides:

> In circuit court a memorandum of authorities in support of any motion to dismiss or for summary judgment shall be mailed to the judge presiding over the action at the time that the motion is filed. Respondent shall reply within ten (10) days after service of movant's memorandum. A rebuttal memorandum may be submitted within five (5) days of service of the reply memorandum. Movants for summary judgment shall file with the clerk as a part of the motion an itemization of the facts relied upon and not genuinely disputed and the respondent shall indicate either agreement or specific reasons for disagreement that such facts are undisputed and material. Copies of motions to dismiss or for summary judgment sent to the judge shall also be accompanied by copies of the complaint and, if filed, the answer.

UCRCCC 4.02(2). Hunt claims that without the memorandum of authorities, "Michael's motion for summary judgment was not procedurally proper before the [c]ourt." Michael does not dispute that no memorandum of authorities was filed, but he reasons that the

6

memorandum of authorities was not necessary because "no authorities were referred to in the motion."

¶11.    In *Thornton v. Big M Transportation Co.*, 146 So. 3d 393, 397 (¶16) (Miss. Ct. App. 2014), the movant, Big M Transportation, filed an untimely memorandum of authorities. The circuit court denied the Thorntons' motion to strike the memorandum. Like Hunt, the Thorntons cited no authority except the rule "in support of their claim that the failure to simultaneously file the memorandum of authorities should prove fatal to Big M Transportation's request for summary judgment." *Id*. at (¶17). We further concluded:

> In reviewing applicable caselaw, we find that, in *Braddock Law Firm, PLLC v. Becnel*, 949 So. 2d 38, 46-47 (¶¶29-31) (Miss. Ct. App. 2006), this Court held that the chancellor possessed the discretion to look past the defendants' failure to technically comply with Rule 4.03(2) where the purposes of the rule were still satisfied.
>
> After reviewing the record in this case, we find that Big M Transportation's summary-judgment motion failed to strictly comply with Rule 4.03(2)'s requirements. Despite this failure, however, the record reflects that the purposes of Rule 4[.]03 were still fulfilled. *See Braddock Law Firm*, 949 So. 2d at 46-47 (¶¶29-31). The delay in filing did not "unfairly sandbag" the circuit court with "unadvertised factual issues" or force the circuit court judge to "ferret" through the record to discern the materially disputed facts. *See Estate of Jackson v. Miss. Life Ins. Co.*, 755 So. 2d 15, 22 (¶28) (Miss. Ct. App. 1999).

*Thornton*, 146 So. 3d at 397-98 (¶¶17-18).[6] Besides his claim that Michael did not fully explain to the court the issues to be litigated on appeal, Hunt has not stated how Michael's failure to comply strictly with Rule 4.02(2) has resulted in any unfair prejudice to Hunt. He

---

[6] *Thornton* cites former Rule 4.03(2), which was renumbered as Rule 4.02 and amended, effective July 1, 2017.

simply claims that the technical violation was an error and renders Michael's summary judgment motion improper. As in *Thornton*, we reject this argument, particularly since, as Michael notes, there were no authorities cited in his motion.

**II.     Whether the circuit court erred in denying Hunt's motion to alter or amend the judgment.**

¶12.    On October 11, 2018, the Circuit Court of Pickens County, Alabama, entered a final decree of divorce between Michael and Brittany, ordering Michael to convey the property in question to himself and Brittany as joint tenants with right of survivorship. In his motion to alter or amend the judgment, Hunt argued that he did not learn of this divorce decree until after the circuit court's order granting summary judgment to Michael and that "[s]uch newly discovered evidence justifies altering or amending" the circuit court's order so that Hunt could add Brittany as an additional party to the suit. Appealing from the court's denial of his motion to alter or amend the judgment, he cites the same argument.[7]

¶13.    It is within the circuit court's discretion whether to grant or deny a Rule 59 motion, "and we will not reverse absent an abuse of discretion or if allowing the judgment to stand would result in a miscarriage of justice." *Freeman v. CLC of Biloxi LLC*, 119 So. 3d 1164, 1167 (¶10) (Miss. Ct. App. 2013) (quoting *Harrison v. Miss. Transp. Comm'n*, 57 So. 3d

---

[7] In his appellant's brief, Hunt cites no authority to support this claim. It is the appellant's duty "to provide authority in support of an assignment of error . . . [, and] the "failure to cite authority in support of an argument precludes consideration of the issue on appeal." *Herrin*, 282 So. 3d at 732-33 (¶21) (citations omitted). However, in his reply brief, Hunt does cite the standard for granting a Rule 59 motion; so we will address this issue on its merits.

648, 651 (¶11) (Miss. Ct. App. 2010)). "In order to succeed on a Rule 59(e) motion, the movant must show: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Id*. (quoting *Harrison*, 57 So. 3d at 651 (¶13)).

¶14. Hunt claims that the new evidence of Brittany and Michael's divorce decree and property settlement justified granting his motion to alter or amend the judgment because it "brings into question again who is the lawful owner of the property." We disagree. Per the chancery court's order, ownership of the property was vested in Michael as of December 9, 2015. Thus, when Michael had Hunt evicted on February 24, 2016, and filed his summary judgment motion on September 27, 2018, he was the sole owner of the property. There is also no evidence in the trial court's record that a warranty deed granting Michael and Brittany joint ownership of the property was executed prior to the court's December 11, 2018 judgment.[8]

¶15. Moreover, this Court has held:

> A motion based upon newly discovered evidence may not be granted unless it can be shown that (1) the evidence was discovered following the trial; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (3) the evidence is material and not cumulative or impeaching; (4) *the evidence is such that a new trial would probably produce a new result.*

---

[8] On June 10, 2019, Michael filed a motion to substitute Brittany as the appellee, in which he noted that the quitclaim deed conveying all of Michael's interest in the subject property to Brittany was signed on March 10, 2019, and recorded with the chancery clerk's office. The supreme court denied the motion to substitute Brittany as a party to the appeal on July 10, 2019.

*Goode v. Synergy Corp.*, 852 So. 2d 661, 663 (¶8) (Miss. Ct. App. 2003) (emphasis added) (citing *Moore v. Jacobs*, 752 So. 2d 1013, 1017 (¶18) (Miss. 1999)).  Hunt has provided no evidence that even if Brittany had been a joint owner of the property prior to the court's order and joined as a party, "that a new trial would probably produce a new result." *Id*.  We find Michael's argument—that "Brittany, the victim of [Hunt's] threats, duress and joint bearer of time, costs, etc. caused by [Hunt] would be even more anxious for [him] to be evicted"—to be a rational one.  Accordingly, we find no abuse of discretion in the circuit court's denial of Hunt's motion to alter or amend the judgment.

¶16.    **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**